**William Frank JOHNSON, a/k/a William Frank Rosmond, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 13055.

District of Columbia Court of Appeals.

Argued Nov. 21, 1978.

Decided July 2, 1979.

Linda J. Ravdin, Washington, D. C., for appellant.

Charles L. Hall, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Peter E. George and Donald L. Golden, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before YEAGLEY and FERREN, Associate Judges, and WAGNER, Associate Judge, Superior Court of the District of Columbia.*

YEAGLEY, Associate Judge:

Appellant was found guilty by a jury of attempted petit larceny, D.C.Code 1973, §§ 22–2202, 22–103. He challenges his conviction on the ground that he was denied his rights to testify and to effective assistance of counsel when the trial court, having concluded that appellant's testimony would be perjurious, ruled that if appellant took the stand his attorney could not elicit his testimony through questioning and could not argue the testimony to the jury. Because we conclude that the trial court improperly imposed these restrictions, we reverse the judgment of conviction and remand for a new trial.

The government's evidence showed that on June 24, 1977, the store manager of the Capital Supermarket observed appellant remove a large plastic trash can from a shelf and proceed to place several hams inside of it. At the check-out counter, the clerk informed him that the charge for the trash can was $4.80. Appellant placed $2.31 on the counter. When told that that amount was insufficient, appellant put his money back into his pocket, picked up the trash can, and started towards the door. Just as he reached the door, however, he was stopped by a special police officer and arrested. When the officer discovered the hams inside the can, appellant said he did not know how they got there. A search of appellant revealed that he had only $2.33 on his person and no checks or credit cards.

Before swearing in the jury, the trial court had asked appellant's attorney for a proffer of the defense. Counsel responded that appellant was a cab driver and had driven to the grocery store at the request of a woman passenger. When they arrived, she asked appellant to park the cab and meet her inside to help carry her groceries. Once inside the store, she handed him a covered trash can, gave him some money, and told him she would meet him back at the cab. Appellant said he did not realize the hams were inside the trash can until they were discovered by the officer at the check-out counter.

After the government presented its case and rested, the defense also rested. The trial court called the parties to the bench and inquired as to why appellant was not going to testify as had been proffered before trial. After conferring with appellant, defense counsel announced that appellant would take the stand after all. At the court's direction, counsel then proffered that appellant's testimony would be that he never attempted to leave the store.

Because of the inconsistency between the first and second proffer the court felt that counsel would be suborning perjury if he assisted his client in presenting the second version. The court stated that if appellant took the stand, counsel was required by the canons of ethics to refrain from questioning his client on direct examination and from arguing his client's testimony to the jury during closing argument. Although counsel disagreed with the ruling, he again conferred with appellant and it was decided that appellant would not testify. The jury eventually returned a verdict of guilty.

In *Thornton v. United States,* D.C.App., 357 A.2d 429 (1976), we held that where defense counsel knows that the defendant intends to commit perjury it is not a denial of the right to assistance of counsel for the defense attorney to restrict his or her presentation of the defendant's testimony in accordance with § 7.7 of The ABA Project on Standards for Criminal Justice: The Prosecution Function and the Defense Function, Defense Function (Approved Draft, 1971). Under § 7.7(c), if a defendant insists upon testifying falsely, the defense attorney "may not lend his aid to the perjury," and must therefore limit his or her further participation as follows:

> The lawyer must confine his examination to identifying the witness as the defendant and permitting him to make his state-

* Sitting by designation pursuant to D.C.Code 1973, § 11–707(a).

ment to the trier or the triers of the facts; the lawyer may not engage in direct examination of the defendant as a witness in the conventional manner and may not later argue the defendant's known false version of facts to the jury as worthy of belief and he may not recite or rely upon the false testimony in his closing argument.

Our holding in *Thornton* recognized that while a defendant has the right to testify in his own behalf with the assistance of his attorney, there is no right to commit perjury or to make the attorney a party to the commission of perjury.

In support of the trial court's ruling in the instant case, the government contends that our ruling in *Thornton* is equally applicable when the restrictions set forth in § 7.7 are imposed by the trial court rather than self-imposed by counsel. A premise of this argument is that the trial court has a responsibility to monitor and assure a lawyer's ethical conduct during a trial. While there may be such a role under some circumstances, we need not and do not define it here. Putting aside the question of the propriety of the trial court's two requests for proffers of the defense case—both of which are cause for concern—we are satisfied that by imposing restrictions on counsel, the trial court impermissibly interjected itself in this case.

■ We agree with appellant that the inconsistency between his two proffered defenses was insufficient to establish that the second proffer, the intended testimony, was false and that the trial court's conclusion to the contrary was based on surmise.[1] Section 7.7 speaks to a situation in which the falsity of the defendant's testimony is

known and not merely suspected.[2] Likewise, our previous cases in which this problem arose involved situations in which the attorney knew, based on independent investigation of the case or on prior discussions with the client, that the defendant's testimony was false. It was in that context that we held that the attorney could, consistent with the defendant's right, limit his or her representation in accordance with § 7.7. *Thornton v. United States, supra; Herbert v. United States,* D.C.App., 340 A.2d 802, 804 (1975); *see also United States ex rel. Wilcox v. Johnson,* 555 F.2d 155 (3d Cir. 1977). Where, as here, the veracity or falsity of the defendant's testimony is conjectural, the ethical dilemma does not arise.

■ As we read § 7.7 and the pertinent cases, they are directed at defense counsel, and not the trial court. Under the standard set forth in that section a trial court, at least as a practical matter, will seldom if ever have sufficient information to determine with the requisite degree of certainty that the defendant intends to commit perjury, so as to justify imposition of restraints on counsel. Only the defense attorney is in a position to evaluate the veracity of the intended testimony by comparing it to knowledge gained through consultation with the defendant and independent investigation of the case. Moreover, if the trial court were to fully inquire into the matter, it would necessarily touch upon privileged attorney-client communications. Thus, the trial court must accept good faith representations by counsel that the defendant will not commit perjury and rely upon counsel's ethical duty to regulate his or her own conduct.

1. The fact that the first proffer was totally inconsistent with the government's evidence suggests that if anything the second proffer was the truthful version.

2. The commentary to § 7.7 emphasizes the limited circumstances under which the restrictions come into play:

   *The existence of this dilemma is predicated upon the defendant's admitting inculpatory facts to his lawyer which are corroborated by the lawyer's own investigation. So long as*

the defendant maintains his innocence, the lawyer's realistic appraisal that he is in fact guilty does not preclude a vigorous defense. *See also* ABA Code of Professional Responsibility and Canons of Judicial Ethics, DR 7-102(A)(4); EC7-26. In this case, appellant had not admitted his guilt or inculpatory facts; nor was there any evidence that his attorney had corroborated either statement through independent investigation.

■ When the trial court suspects that a defendant is about to commit perjury, it can properly summon counsel to the bench to advise him or her of its concern and of counsel's ethical obligations. If, however, counsel does not believe his client intends to perjure himself and decides to put the defendant on the stand consistent with counsel's own sense of professional responsibility, the court cannot interfere. In the event that the court is not satisfied with counsel's decision, the appropriate recourse is to report the matter to the Board of Professional Responsibility for such disciplinary action as may be indicated.

■ In this case, appellant's counsel did not believe his client's intended testimony would be perjurious and we are unable to conclude that the evidence warrants a contrary conclusion. Under these circumstances it was improper for the trial court to interfere with counsel's conduct of the trial and to compel appellant to choose between not testifying and taking the stand without assistance of counsel and without having his testimony argued to the jury. Not only did this ruling contravene appellant's right to the assistance of counsel, but it precipitated his decision to forego testifying, thereby denying him the right to take the stand in his own defense. *See United States ex rel. Wilcox v. Johnson, supra.*

■ It is no answer to say, as does the government, that having made a tactical decision not to testify, appellant should be precluded from now claiming that he was deprive of his right to testify. The fact is that the court intervened when appellant decided to testify and imposed improper restrictions on his counsel which we cannot ignore. Similarly unconvincing is the government's argument that appellant was not prejudiced by choosing not to testify since he was allowed to present his theory of the defense (that he did not intend to leave the store) to the jury in closing argument by counsel. The right to testify and the right to the assistance of counsel—including assistance in testifying and in arguing the testimony to the jury—are not alternative rights. A criminal defendant is entitled to both and one cannot be made to substitute for the other. As the Third Circuit stated in *United States ex rel. Wilcox v. Johnson, supra* at 120:

> A defendant in a criminal proceeding is entitled to certain rights and protections which derive from a variety of sources. He is entitled to all of them; he cannot be forced to barter one for another. When the exercise of one right is made contingent upon the forbearance· of another, both rights are corrupted.

Accordingly, the judgment of conviction is reversed and the case remanded to the trial court.

*So ordered.*