279 So.2d 50 (1973)
IN the INTEREST OF J.N., a Child, and S.H., a Child.
No. 72-333.
District Court of Appeal of Florida, Fourth District.
June 8, 1973.
Mary E. Clark and James G. Mahorner, Tallahassee, for appellant, State of Florida Dept. of Health and Rehabilitative Services, Div. of Youth Services.
*51 Herbert P. Benn of Blank Williams & Benn, West Palm Beach, for appellee, Juvenile and Domestic Relations Court.
REED, Chief Judge.
The issue in this case is whether or not the Juvenile and Domestic Relations Court for Palm Beach County, Florida, sitting as the juvenile court for that county, had the authority in March 1972 to direct the Division of Youth Services to receive and treat a delinquent child in a facility different from that to which the child had theretofore been assigned by responsible executive personnel of the Division of Youth Services.
The events leading up to this unusual appeal are the following. On 2 February 1972 the juvenile court entered an order adjudicating J.N. to be a delinquent child within the meaning of § 39.01(11) and (12)(b), F.S. 1971, F.S.A. By the same order the court committed the child under the authority of § 39.11(2)(b), F.S. 1971, F.S.A., to the Division of Youth Services.
When it later came to the attention of the judge who signed the commitment order (the order of 2 February 1972) that the Division of Youth Services had assigned J.N. to a halfway house rather than to the State Training School, the trial court, on its own motion, entered an order on 6 March 1972 directing the Division of Youth Services to transfer J.N. to the State Training School and to make periodic reports to the court not only with reference to J.N., but with reference to any child committed to the Division of Youth Services by the court. It is this order which the Division of Youth Services has appealed. No issue is raised as to the standing of the Division of Youth Services to institute and maintain the appeal.
The juvenile court takes the position, as reflected by the order under review, that it has responsibility for the rehabilitative care and treatment accorded to adjudicated delinquents, even after they have been committed to the Division of Youth Services. This responsibility justified, according to the juvenile court, the entry of its order of 6 March. The Division of Youth Services, on the other hand, contends that it is solely responsible for the custody of children committed to its care during the period of the commitment, and the order of 6 March 1972 is an unauthorized interference with its duties.
The Division of Youth Services is a division of the Department of Health and Rehabilitative Services. The latter is a department within the executive branch of government. See Sec. 20.19, F.S. 1971, F.S.A. The authority of the Division of Youth Services with respect to the treatment of juveniles committed to it is delineated in Chapter 959, F.S. 1971, F.S.A. The juvenile court at the time in question was a court created by the legislature under the authority of the constitution. See Article 5, Sec. 12, Florida Constitution of 1885, F.S.A., as amended.
It appears that the authority of the juvenile court on the one hand and the Division of Youth Services on the other was solely derived from statutes. See Gore v. Chapman, Fla. 1940, 196 So. 840. The problem before this Court must, therefore, be resolved by reference to the pertinent statutes dealing with two agencies of government.
Section 39.11(2)(b), F.S. 1971, F.S.A., was the source of the juvenile court's authority to deal with J.N. after he had been adjudicated to be a delinquent child. The juvenile court is there provided with the authority to commit such a child to the Division of Youth Services ... "for the purpose of (the Division of Youth Services) exercising active control, including but not limited to, custody, care, training, treatment, and furlough into the community ...". With reference to such commitment, Section 39.11(4) provides:
* * * * * *
"(4) Any commitment to the division of youth services shall be for an indeterminate *52 period of time, any child so committed to be discharged when directed by the division of youth services under authority of the department of health and rehabilitative services rather than upon order of the juvenile court committing the child, but no child shall be held under a commitment from a juvenile court after becoming twenty-one years of age. The juvenile court, in committing a child to the division of youth services, shall not lose jurisdiction but shall discontinue exercising active control over the child while the child is committed to the division of youth services." ... (Emphasis supplied).
As we read the aforementioned statutes, there is nothing therein which authorizes the juvenile court, once it has committed a child to the care and custody of the Division of Youth Services, to specify the housing facilities or the rehabilitative programs to be used by the Division for the benefit of the child or justifies the extensive reporting duties imposed on the division by the order of 6 March.
Our conclusion in this regard is substantiated by the provisions of the Chapter 959, F.S. 1971, F.S.A. Some pertinent provisions of Chapter 959, F.S. 1971, F.S.A., are as follows:
"959.011 Administration. 
(1) The division of youth services of the department of health and rehabilitative services, hereinafter referred to as the division, shall exercise executive and administrative supervision over all state-owned facilities used for the detention, training, care, treatment, and after-care supervision of children committed to it. It shall be responsible for the planning, development, and coordination of a statewide, comprehensive youth services program designed to train and rehabilitate children in order to prevent, control, and retard juvenile delinquency.
(2) The division shall develop and implement diversified and innovative programs in order to provide for the treatment of children referred or committed to the division." ...
(3) The division shall have exclusive supervisory care, custody, and active control of all children committed to its facilities and programs and of the grounds, buildings, and other facilities and properties of said facilities and programs. Pursuant to such regulations as the division may provide, the division is authorized to transfer children from one facility or program to another facility or program within the division, including, but not limited to, furlough in the community and the revocation of such furlough." (Emphasis supplied).
* * * * * *
(959.021)
* * * * * *
"(4) The division shall make an annual report to the department of health and rehabilitative services and the legislature, reflecting its activities and making recommendations for improvement of the services to be performed by the division. Said report shall be on the basis of a fiscal year."
* * * * * *
"959.05 Consultants.  The division may hire consultants to advise and confer with the judges of the juvenile courts upon request of any such court and for the purpose of advising the division on programs, institutions, care, control, and all manner of treatment of children committed to the division's care."
"959.20 Form of commitment.  When any child is committed to the division, the commitment form to be used by the judge of the committing court shall be as prescribed by the division."
Naturally it is our responsibility to construe Chapter 959 and Chapter 39, F.S. 1971, F.S.A., in such a manner as to harmonize the two and at the same time give effect to the plain meaning thereof. *53 We do so by holding that the juvenile court exceeded its authority when it attempted to regulate the treatment by the Division of Youth Services of J.N. after the court had committed J.N. to the Division of Youth Services and while the commitment order was still in effect. Were we to hold otherwise, the authority (and responsibility) granted the Division of Youth Services by Chapter 959, F.S. 1971, F.S.A., could not be fully and effectively exercised in accordance with plain meaning of the statute.
The issue now before the court has been treated by the attorney general of the State of Florida in an opinion letter entitled, "Re: Juvenile Courts authority over delinquent child committed to Division of Youth Services, 072-411, 21 November 1972". The conclusion reached by the attorney general is consistent with that which we adopt.
We offer one final comment which might be appropriate to avoid future confusion relating to § 959.28, F.S. 1971, F.S.A. The last subsection of that statute provides:
"Intake decisions regarding referrals and treatment of children are subject to review by the court." (§ 959.28(4), F.S. 1971, F.S.A., Emphasis supplied.)
The brief filed on behalf of the juvenile court points to that section as authority for the juvenile court's actions in reviewing the decision of the Division of Youth Services to assign J.N. to a halfway house, but the reliance is not justified. The words "intake decisions" refer to decisions made by the Division of Youth Services with respect to alternative courses available for the treatment of juveniles before they have been adjudicated as delinquent and committed to the Division of Youth Services  not afterwards. We think this is necessarily the meaning of these words when read in context of the entire section in which they appear.
We conclude that the order of 6 March 1972 exceeded the authority of the court. The order is hereby vacated and the cause remanded.
CROSS and OWEN, JJ., concur.