BOYER, Chief Judge.
This case involves an issue very similar to that resolved by us in Division of Family Services v. State of Florida, Fla.App., 319 So.2d 72, 1975. The facts too are similar though a different group of children are involved.
On August 21, 1974, the Juvenile Department of the Circuit Court of Alachua County entered an order placing five allegedly dependent children in the custody of the Division of Family Services and specified that all five children be placed in the same foster home. The children were initially placed in accordance with that order, but were thereafter separated and placed in the homes of separate and different foster parents. On September 20, 1974 the children were adjudicated dependent and placed in the temporary custody of the Division of Family Services with the same placement restrictions. The order stated: “That for consistency’s sake with the same provisions, the children shall be placed in the same foster home. Custody is reserved to the court to the extent of implementing that order.” On September 24, 1974 the court entered another order permitting certain of the children to be separated from the others. Three children were ordered to be placed together in the same foster home and the other two in another foster home, the order providing that upon a showing of necessity the children could be further divided and separated. On October 4, 1974 a final order of disposition was entered incorporating the provisions of the previous order.
The Division of Family Services maintains by this appeal that the trial court exceeded its authority and jurisdiction when it granted custody to the Division but restricted the Division’s choice of where and with whom the children would live by specifying the manner in which the children could be placed together or separated in foster homes. The Division of Family Services further maintains that the trial court erred when it granted custody to the Division while also reserving custody unto itself.
In Division of Family Services v. State of Florida, supra, we carefully restricted our holding to the period that the children were in temporary detention and care pending an adjudicatory hearing. Here, we are faced with the next step in the proceeding.
Upon again examining Chapter 39, Florida Statutes, we conclude that a Circuit Judge, in proceedings under Chapter 39, Florida Statutes, has the discretionary power and authority to impose restrictions, conditions and requirements on custodial *79 detention orders entered following' an adjudicatory hearing. Our reasoning in Division of Family Services v. State of Florida, supra, is equally applicable here. In that case the appellant based its statutory claim to exclusive authority on F.S. 39.-11(2) (c), which incorporated F.S. 39.01(9). We there held that a careful reading of that provision, in context with the rest of the chapter, clearly reveals that it was the legislative intent to grant the custodial agency discretion, in the absence of a court order to the contrary, in placing the child or children committed to its custody, and that it was not intended that the agency have unfettered discretion nor was it intended that the agency be permitted to flaunt nor ignore specific provisions contained in the custodial order. Sub judice appellant makes the same contention. In addition to our holding in the last above mentioned case, we here observe that the true thrust of F.S. 39.01(9) is the personal exercise of custody. The last sentence requires that a person given custody exercise that custody personally unless the court orders otherwise. An agency, which is a legal organization and not a living person, must exercise its custody through a delegation. The legislature gave the agency the power to make that delegation and determine where and with whom the child should live, meaning the particular institution or foster care facility in which the child should be placed. This facility selection power is all the authority that this statute confers. The lower court did not infringe on that power. It did not order the Division to place the subject children in any particular foster care facility. The Division remained free to place the children anywhere so long as they were placed in the sibling composition as required by the court order. It will be noted that F.S. 39.01(9) refers to a “child” and not to “children”. Placing a child obviously involves no consideration of sibling composition. Placing of children does. There are important psychological interests which deserve recognition and protection when children are removed from their parental home as a sibling group. The court’s authority to recognize and protect those interests is of paramount importance.
Finding no error, we
Affirm.
MILLS, J., concurs and McCORD, J., concurs specially.