327 So.2d 115 (1976)
FLORIDA DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, DIVISION OF YOUTH SERVICES, Appellant,
v.
Joseph R. Crowell, Circuit Judge, Appellee.
No. X-426.
District Court of Appeal of Florida, First District.
February 20, 1976.
Mary E. Clark, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and Robert Woolfork, Asst. Atty. Gen., for appellee.
McCORD, Acting Chief Judge.
This is an appeal from an order entered by a judge of the Juvenile Division of the Circuit Court of Escambia County on January 15, 1975, and filed on January 20, 1975, directing that each counselor of the Division of Youth Services, having a child under supervision or on probation in a case assigned to Section H of the Court furnish on or before a certain date a list of the juveniles assigned to that counselor, the terms of the juvenile's probation and the current status of the juvenile as to probation. The order further directs that each counselor on or before the close of business on Friday of each week furnish a report to the judge on each child under his supervision which shall contain advice as to how the child is progressing on probation and whether or not he has violated any of the terms of his probation. The order further directs that commencing at a time specified, the Intake Department of the Division of Youth Services furnish to the Court a list of all juveniles appearing at the Intake Department during the prior 24-hour period; that the list include a face sheet, the Intake Dispositional Report, and the Juvenile Offense Report and other supporting data. The order directs that this report be furnished each working day thereafter by 9:00 a.m.
Article I, Section 15(b) of the Constitution of Florida provides that, "When authorized by law, a child as therein defined may be charged with a violation of law as an act of delinquency instead of crime and tried without a jury or other requirements applicable to criminal cases." The legislature has provided for such through Chapters 39 and 959, Florida Statutes, which set out the authority of the court and the authority of the Division of Youth Services in relation to juveniles. These statutes delineate the authority and duties of each and the procedures to be followed in regard to alleged juvenile delinquency and dependency. An analysis of the two foregoing statutes reveals that the court has not been vested by the legislature with general supervisory jurisdiction over the Division of Youth Services in the manner in which such is being exercised by the order *116 appealed from. Nowhere in these statutes do we find that the court has been given general supervisory authority over the day-to-day operations of Division of Youth Services in the administration of the powers and duties conferred upon it. The order appealed from is, therefore, reversed.
MILLS and SMITH, JJ., concur.