328 So.2d 270 (1976)
DIVISION OF FAMILY SERVICES, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, State of Florida, Appellant,
v.
In re S.R. et al., Appellees.
No. X-453.
District Court of Appeal of Florida, First District.
March 10, 1976.
Eve Dunkerley Peck, Duane N. Ivester and Chester G. Senf, Jacksonville, for appellant.
Raymond Brill, and John J. Kearns, Asst. Public Defender, Gainesville, for appellees.
MILLS, Judge.
The Division appeals from a final judgment rendered by the Juvenile Court which precludes the Division from filing a future *271 petition for the permanent commitment of five children to the Division for the purpose of adoption, and which directs the Division to place the children in the same licensed foster home located in Northeast Florida. The issue here is whether the Court had authority to preclude the filing of a future petition and to restrict the placement of the children.
The Division is not precluded from filing a future petition, because Section 39.11(4), Florida Statutes, provides that an order such as the one before us may be modified or set aside. It is well established that orders pertaining to the welfare of children may be modified on the basis of a substantial change of circumstances. We reverse.
The Court had authority to direct the Division to place the five children in the same foster home located in Northeast Florida. Keeping the five children together is the intent and goal of Chapter 39, Florida Statutes. The Court has authority under Chapter 39 to impose reasonable conditions and restrictions in custodial orders entered after an adjudicatory hearing. The conditions and restrictions imposed by the order before us are reasonable and did not infringe upon the authority of the Division. The Division may select the foster home as long as it is within the area set by the Court. F.B. v. State, 319 So.2d 77 (Fla.App. 1st, 1975). We affirm.
We reverse in part and affirm in part.
SMITH, J., concurs.
McCORD, Acting C.J., concurs specially.
McCORD, Acting Chief Judge (concurring specially).
I concur in the foregoing opinion. The two restrictions imposed by the trial court's order appear to be reasonable though I can visualize that appellant may have some difficulty in placing five children in the same foster home in the area prescribed by the order. If it should develop that it cannot find a suitable foster home, such could form the basis for a modification of the trial judge's order.