PER CURIAM.
The Division of Youth Services appeals an order entered by the circuit court, juvenile division. The order in question states that T. W.:
“. . . [Sjhall be placed on probation for a period of three (3) years with a condition of that probation being that said child shall successfully complete the program at the Arthur G. Dozier School for Boys.”
Appellant attacks the order on three points. We find merit in two points. The third point becomes moot through resolution of the other two points.
First, Section 39.11(4), Florida Statutes, provides that a juvenile court shall discontinue exercising active control over a child that the court has committed to the Division of Youth Services. Therefore, a juvenile court cannot require the Division of Youth Services to place a child at a particular facility as a condition of probation. In the Interest of A.S.W., 327 So.2d 872 (Fla.2d DCA 1976); In the Interest of J. N., 279 So.2d 50 (Fla. 4th DCA 1973). Accordingly, that portion of the order which required that T.W. “successfully complete the program of the Arthur G. Dozier School for Boys” is hereby vacated.
*550 Second, Section 39.11(2)(a), Florida Statutes, provides that a child shall be on probation until his 21st birthday unless he is sooner released on the recommendation of the Division of Youth Services or by the court on the motion of an interested party or its own motion. Further, Section 39.-11(4) provides that any commitment to the Division of Youth Services shall be for an indeterminate period of time not to exceed the child’s 21st birthday. Therefore, a juvenile court cannot specify a period of time that a child is to serve on probation. Accordingly, that portion of the order which specified that T.W.’s probation was fixed at “a period of three (3) years” is hereby vacated.
REVERSED and REMANDED.
McNULTY, C. J., and HOBSON and SCHEB, JJ., concur.