COBB, Judge.
Appellant R.D.B. was adjudged delinquent and committed to the Department of *137 Health and Rehabilitative Services (HRS) pursuant to section 39.11(3), Florida Statutes (Supp.1980). At the disposition hearing that preceded the order of commitment, the trial judge stated:
You have been adjudicated delinquent. There has been a disposition. Also note that he will be placed on Aftercare to the Court if he is released from the Department and that the Court would maintain jurisdiction of the case for restitution purposes. [Emphasis added].
The final order of commitment contained the following provision:
Child should be placed on Aftercare after release. Court retains jurisdiction for purpose of restitution.
Appellant’s counsel objected to the court retaining jurisdiction for restitution purposes, and timely appeals that portion of the trial court’s final order.
R.D.B. contends the trial court erred when, having ordered him committed to HRS, it retained jurisdiction to impose restitution. In support of his contention, appellant argues that Chapter 39 of the Florida Statutes authorizes the imposition of restitution only in the context of non-commitment, “community control” programs. Appellant’s position is that a court can commit a delinquent to HRS but, having done so, cannot also require the delinquent to make restitution. Section 39.11(l)(h) authorizes the trial judge to impose restitution “as part of the community control program.” Section 39.01(10) describes “community control” for purposes of Chapter 39:
“Community control” means the legal status of probation created by law and court order in cases involving a child who has been found to have committed a delinquent act. Community control is an individualized program where the freedom of the child is limited and the child is restricted to non-institutional quarters or restricted to the child’s home in lieu of commitment to the custody of the Department .... [Emphasis added].
Other sections of Chapter 39 refer to restitution in the context of community control. See §§ 39.09(3)(f); 39.10(2); 39.11(l)(a); 39.11(l)(a)l. Nowhere is restitution authorized as a condition of commitment to HRS.
We believe the appellant has constructed a straw man to knock down. We do not read the order as an attempt by the trial court to affirmatively impose a restitution requirement during the period of the commitment to HRS. The references to “aftercare” and “jurisdiction for purpose of restitution” obviously are coupled with the contingency of early release (/. e., before the age of 19) by HRS. Such authority on the part of the trial court is provided by section 39.11(3), Florida Statutes (Supp.1980), which requires HRS to give the trial court notice of discharge and provides:
The court which committed the child may thereafter resume personal jurisdiction of the child and make such orders for the aftercare supervision of the child as will be in the best interest of the child and for the protection of society.
Clearly, such an aftercare order may include restitution. We cannot but wonder whether the best interest of the child or the protection of society warrants the time and money herein expended to contend the incidental, not to say trifling, point raised by the instant appeal.
Affirmed.
FRANK D.. UPCHURCH, Jr. and SHARP, JJ., concur.