DELL, Judge.
M.S. appeals from his adjudication of delinquency and subsequent commitment to the Department of Health and Rehabilitative Services (HRS).
At the adjudicatory hearing, the trial court found appellant guilty as alleged and entered a written order of commitment which committed appellant to HRS for placement and imposed a $500 fine on him to be paid to the clerk of the circuit court.
Appellant contends that Section 39.11, Florida Statutes (1981), does not permit the trial court to commit him to HRS and also require payment of a fine. Section 39.11(l)(a) and Section 39.11(l)(c) provide in pertinent part:
(1) When any child shall be adjudicated by the court to have committed a delinquent act, the court having jurisdiction of the child shall have the power, by order in which is stated the facts upon which a determination of a sanction and rehabilitative program was made at the disposition hearing, to:
(a) Place the child in a community control program under the supervision of an authorized agent of the department or any other person or agency specifically authorized and appointed by the court, either in the child’s own home or, if the prospective custodian is willing, in the home of a relative of the child or in some other suitable place under such reasonable conditions as the court may direct. A community control program is as defined in s. 39.01(10) and shall include a penalty such as restitution, curfew, revocation or suspension of the driver’s license of the child, or other nonresidential punishment appropriate to the offense and a rehabilitative program.
[[Image here]]
(c) Commit the child to the department. Said commitment shall be for the purpose of exercising active control, including, but not limited to, custody, care, training, treatment, and furlough into *845 the community. Notwithstanding the provisions of s. 743.07, the term of said commitment shall be until said child is' discharged by the department or until he reaches the age of 19.
The First District Court of Appeal in M.V.D. v. State, 414 So.2d 599 (Fla. 1st DCA 1982), stated that:
Section 39.11(3), Florida Statutes (1981) mandates that “[a]ny commitment of a delinquent child to the department shall be for an indeterminate period of time ...” See also R.J.K. v. State, 375 So.2d 871 (Fla. 1st DCA 1979). Additionally, Section 39.11(1)(a) allows for imposition of a penalty in the nature of restitution, but only if the child has been placed in a community control program. Section 39.-11(1)(c), allowing for the child’s commitment to the department, contains no similar provision.
We disagree with the State’s contention that the legislature must separate the alternative dispositions of Section 39.11 with the word “or” before we may construe the provisions of 39.11(l)(a) and (c) as mutually exclusive. While it is true that the word “or” is generally construed in the disjunctive when used in a statute, Telophase Society of Florida v. State Board of Funeral Directors & Embalmers, 334 So.2d 563, 566 (Fla.1976), this does not mean that the word “or” must be between two statutory subsections to render them mutually exclusive. We agree with the reasoning in M.V.D., supra, and hold that the trial court erred when it imposed a $500 fine after it committed the child to the Department of Health and Rehabilitative Services.
Accordingly, we reverse and remand this cause to the trial court with directions to vacate that portion of the commitment order which requires appellant to pay a $500 fine.
REVERSED and REMANDED.
GLICKSTEIN and WALDEN, JJ., concur.