BERANEK, Judge.
This is a juvenile delinquency case in which the appellant claims that the trial court should have suppressed his confession. This point is without merit. See Doerr v. State, 383 So.2d 905 (Fla.1980), and Batch v. State, 405 So.2d 302 (Fla. 4th DCA 1981). The appellant’s reliance on Dowst v. State, 336 So.2d 375 (Fla. 1st DCA 1976), is misplaced in view of the Supreme Court’s later opinion in Doerr and the change in the statute in question.
Appellant also claims error in that the trial court is asserted to have (1) ordered commitment to the Department of Health and Rehabilitative Services, and (2) retained jurisdiction to simultaneously effectuate restitution to the victim. Appellant contends this order is erroneous in view of our decision in In the Interest of M.S., 429 So.2d 844 (Fla. 4th DCA 1983), and the First District’s decision in M.V.D. v. State, 414 So.2d 599 (Fla. 1st DCA 1982). We find both those cases distinguishable, because the former deals with a fine[1] while the latter concerns restitution as a condition of commitment. The present case thus appears to fall within the reasoning of R.D.B. v. State, 404 So.2d 136 (Fla. 5th DCA 1981), which authorized restitution as a condition of aftercare.
In any case, and of primary importance, the commitment order does not mention restitution, and appellant’s arguments are based only upon the court's oral statements at the time of commitment. Clearly, the written order under which appellant is committed does not require restitution. The order merely retains jurisdiction. No error has been made to appear in this regard and the matter is affirmed.
AFFIRMED.
ANSTEAD, C.J., and DELL, J., concur.

. The fíne — which was vacated — was payable to the State.