MILLS, Judge.
T.T., a juvenile, appeals from an order committing him to the Department of Health and Rehabilitative Services (HRS). He contends the juvenile court erred in committing him almost two years after entering the adjudication of delinquency. We affirm.
In 1982, then 15-year-old T.T. was charged in a petition of delinquency with one count of tampering with evidence, two counts of assault, and one count of possession of less than 20 grams of cannabis. The juvenile court adjudicated him a delinquent as to all counts on 24 August 1982. At that time, the court imposed consecutive commitments to HRS on the latter three counts, but deferred further disposition on the evidence tampering count.
In 1983, T.T. was recommitted for violating community control. In 1984, he again violated community control. This time the court did not recommit him, but continued community control. A petition alleging a third violation of community control was filed shortly thereafter on 29 June 1984.
On 5 July 1984, after a hearing, the court ordered T.T. committed to HRS based on the 1982 adjudication of delinquency for tampering with evidence. It is from this order that T.T. appeals.
In criminal cases, the trial court is without authority in most instances to defer imposition of sentence indefinitely after adjudicating a defendant guilty. Bateh v. State, 101 So.2d 869 (Fla. 1st DCA 1958), cert. discharged, 110 So.2d 7 (Fla.1959). But the trial court retains jurisdiction to subsequently impose a sentence within five years. Section 775.14, Florida Statutes *557 (1983). Such sentence may not exceed the period of maximum punishment computed from the date guilt was adjudicated. See, Shieder v. State, 430 So.2d 537, n. 1 (Fla. 5th DCA 1983), and cases cited therein.
We need not decide whether the juvenile court is likewise without authority to defer further disposition after adjudicating a juvenile guilty of a delinquent act because the commitment subsequently imposed was, as required by Section 39.-11(1)(c), Florida Statutes (1983), for an indeterminate period not to exceed T.T.’s nineteenth birthday. Such commitment does not exceed the maximum period of commitment computed from the date T.T. was adjudicated guilty of the delinquent act, and therefore does not violate his constitutional rights.
AFFIRMED.
SMITH and THOMPSON, JJ., concur.