483 So.2d 898 (1986)
IN the INTEREST OF K.A.B., a Child.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
Maureen HYSON, Appellee.
No. 85-712.
District Court of Appeal of Florida, Fifth District.
March 6, 1986.
Douglas E. Whitney, Dist. Counsel, Dept. of Health & Rehabilitative Services and Gerry L. Clark, Asst. Gen. Counsel, Orlando, for appellant.
No appearance for appellee.
DAUKSCH, Judge.
This is an appeal from an adjudication of dependency and placement of custody in the Department of Health and Rehabilitative Services. As legal custodian, the Department of Health and Rehabilitative Services *899 may appeal the order. § 39.14(1), Fla. Stat.
The order directs the custodian to keep the child at "Country Acres." The custodian of the child has appealed on the ground that the court has not been granted the authority to direct precisely where the child is cared for, but only to place the child in its custody. We agree with appellant. Section 39.41(1)(d) provides that a court which adjudicates a child to be dependent may place the child with the Department of Health and Rehabilitative Services. Section 39.41(3), Florida Statutes (1984 Supp.) states the following:
An agency granted legal custody shall have the right to determine where and with whom the child shall live, but an individual granted legal custody shall exercise all rights and duties personally unless otherwise ordered by the court.
Thus, it is crystal clear that it is within the discretion of the agency to decide where to keep a child who is in its custody. The agency is, of course, better equipped to make day-to-day health and welfare decisions which concern the child. T.W. v. State, 338 So.2d 549 (Fla.2d DCA 1976); F.B. v. State, 319 So.2d 77 (Fla. 1st DCA 1975); In the Interest of J.N., 279 So.2d 50 (Fla. 4th DCA 1973). The courts are not given general supervisory power over the Department of Health and Rehabilitative Services under the statutes. Fla. Depart. of Health and Rehab. Serv., 327 So.2d 115 (Fla. 1st DCA 1976); Department of Health and Rehab. Serv. v. Owens, 305 So.2d 314 (Fla. 1st DCA 1974).
It is up to the courts, both trial and appellate, to adjudicate legal rights and responsibilities, it is not within their province to manage the affairs of another branch of government.
The order of adjudication and commitment is affirmed; the words "at Country Acres" are hereby deleted.
It is so ordered.
ORFINGER, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
A "legal custodian" is a custodian appointed by, and acting under the authority of, a court of competent jurisdiction. No such custodian of a child has standing to challenge the authority of the very court appointing it with respect to court directions as to where the child is to reside. "Country Acres" is a county operated juvenile facility within the jurisdiction of the juvenile court judge sitting in Brevard County, Florida.
The Department of Health and Rehabilitative Services (H.R.S.) is not appealing in this case as "legal custodian" under section 39.14, Florida Statutes. No right of the child is being asserted on this appeal. The Department of Health and Rehabilitative Services is appealing in its capacity as an executive governmental agency and is asserting that capacity and the separation of powers doctrine as against the judicial authority of the juvenile court to direct a custodian the court has appointed with respect to the placement of a child over which the court has jurisdiction in a place the court has determined to be suitable.
Section 39.40(2), Florida Statutes, provides:
... When the jurisdiction of any child who has been found to be dependent is obtained, the court shall retain jurisdiction, unless relinquished by its order, until the child reaches 18 years of age.
The juvenile court has broad statutory and common law authority and responsibility as to the care and custody of any child it has adjudicated to be dependent. The juvenile court has the authority to impose reasonable conditions as to the placement of any such dependent child. The court imposed condition that the child in this case remains in "Country Acres" is not challenged as being unreasonable as to this particular child. Section 39.41(1) provides:
When any child is adjudicated by a court to be dependent, the court having jurisdiction of the child shall have the power, by order, to: (a) Place the child under the protective supervision of an authorized *900 agent of the department, either in the child's own home or, the prospective custodian being willing, in the home of a relative of the child or in some other suitable place under such reasonable conditions as the court may direct. Protective supervision shall continue until the court terminates it or until the child reaches the age of 18, whichever date is first. (emphasis supplied)
The juvenile court also has jurisdiction and the duty to continuously review the status of any child it has adjudicated to be dependent, especially one in the protective custody of H.R.S. See §§ 39.40(2), 409.168, Fla. Stat. When the juvenile court judge determines that the dependent child, in its best interests, should reside in a particular suitable place, must the judge place the child in the temporary legal custody of someone other than H.R.S. in order to effectuate its decision without a contest from H.R.S. asserting its independence as a separate branch of government?
The State is a party in delinquency cases in that only the State can initiate delinquency proceedings (§ 39.05(1), Fla. Stat.) but this is not so in dependency cases which can be instituted by any knowledgeable person (§ 39.401(1), Fla. Stat.). The State has no right of appeal in delinquency cases. See E.N. v. State, 484 So.2d 676 (Fla. 1986); D.A.E. v. State, 478 So.2d 815 (Fla. 1985); State v. G.P., 476 So.2d 1272 (Fla. 1985); J.P.W. v. State, 476 So.2d 148 (Fla. 1985); State v. C.C., 476 So.2d 144 (Fla. 1985); State v. D.I., 474 So.2d 408 (Fla. 4th DCA 1985). See also State v. W.A.M., reported in 7 FLW 186 (Fla. 5th DCA January 22, 1982), and the revised opinion published at 412 So.2d 49 (Fla. 5th DCA 1982).
The court rules, statutes, and constitution of the State of Florida contain no more authority for the State, as such, to appeal in dependency cases than in delinquency cases. This appeal by the State should be dismissed.