JOANOS, Judge.
As legal custodian,[1] the Department of Health and Rehabilitative Services (HRS) challenges an order adjudicating K.W.G. a delinquent in which the court ordered K.W.G. to serve a minimum of 18 months with HRS unless written permission was obtained from the court. The custodian argues that the trial court erred by committing the child to a determinate period of time. We agree, find that the order is improper, and reverse.
In its Order of Adjudication of Delinquency, the trial court ordered that the “[c]hild is not to be released prior to 18 months without written permission from this Court”.
Section 39.11(3) Florida Statutes (1985) prohibits a court from ordering a child committed for a determinate period of time.[2] The statute specifically states “[a]ny commitment of a delinquent child to the department shall be for an indeterminate period of time....” Further, the statute clearly explains how the trial court shall respond to a written request by HRS to discharge the child. There is no provision allowing a trial court to put HRS “on notice” that it intends to reject such a *1051 request for a predetermined period of time. Therefore we find that the trial court is not authorized to sentence a juvenile in the manner attempted. We construe it as a prohibited mandatory minimum commitment with HRS. See L.J.N. v. State, 411 So.2d 1349 (Fla. 1st DCA 1982); R.J.K. v. State, 375 So.2d 871 (Fla. 1st DCA 1979); B.J. v. State, 374 So.2d 1106 (Fla. 1st DCA 1979). See also R.L. W. v. State, 467 So.2d 828 (Fla. 2d DCA 1985).
Accordingly we reverse and remand so that the trial court may sentence K.W.G. to an indeterminate period as required by section 39.11(3) Florida Statutes (1985).
WIGGINTON and ZEHMER, JJ., concur.

. See Section 39.14(1) Florida Statutes.

. Section 39.11(3) Florida Statutes (1985) provides:
(3) Any commitment of a delinquent child to the department shall be for an indeterminate period of time, but the time shall not exceed the maximum term of imprisonment which an adult may serve for the same offense. Any child so committed may be discharged from institutional confinement or a program upon the direction of the department with the concurrence of the court. Notwithstanding the provisions of s. 743.07, no child shall be held under a commitment from a court pursuant to this section after becoming 19 years of age.
The department shall give the court which committed the child to the department reasonable notice, in writing, of its desire to discharge the child from a commitment to the department. The court which committed the child may thereafter accept or reject the request. If the court does not respond within 10 days after receipt of the notice, the request of the department shall be deemed granted. Under no circumstances shall the court have authority over the discharge of a child from commitment provided in this subsection unless the court, in its commitment order, states that it retains such authority, (emphasis supplied)