530 So.2d 402 (1988)
Manatee Mobley BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 87-435.
District Court of Appeal of Florida, First District.
August 22, 1988.
Michael E. Allen, Public Defender, Phil Patterson, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Bradford L. Thomas, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of judgments of conviction and a sentence which departed from the Fla.R.Crim.P. 3.701 guidelines recommendation. Among other assertions, appellant contends that his multiple convictions for both selling and possessing cocaine are prohibited by the double jeopardy analysis in Carawan v. State, 515 So.2d 161 (Fla. 1987). However, the record indicates that after consummating the sale appellant subsequently obtained other cocaine which he thereafter possessed. Since these were separate and distinct acts, multiple convictions are permissible. See Carawan, supra, fn. 8; see also Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), fn. 2.
In departing from the guidelines recommendation the court referenced appellant's "gradual acceleration" of criminal behavior, describing his progression from misdemeanor possession of marijuana to the sale of cocaine. An escalating course of criminal conduct has been approved as a permissible reason for departing from a guidelines recommendation. See Keys v. State, 500 So.2d 134 (Fla. 1986). Although the court also referenced other impermissible considerations, we are convinced that *403 the absence of the invalid reasons would not have affected the sentence imposed.
Appellant's other assertions of error are without merit, and in accordance with Albritton v. State, 476 So.2d 158 (Fla. 1985), we affirm the orders appealed.
BOOTH, J., concurs.
ERVIN, J., concurs and dissents with written opinion.
ERVIN, Judge, concurring and dissenting.
I concur with the majority's decision in affirming all points raised in this criminal appeal, except that point urging that the lower court erred in departing from the sentencing guidelines. As to that issue I agree with appellant's position and would reverse the sentence imposed and remand for resentencing pursuant to the Albritton v. State, 476 So.2d 158 (Fla. 1985), reasonable doubt standard. In departing from the recommended guideline sentence of community control or twelve to thirty months' incarceration, and in imposing a departure sentence of four-and-a-half years' imprisonment for the sale offense only,[1] the court assigned the following departure reasons:
1. The Defendant's failure at rehabilitation for the same type offenses as the ones for which he is being sentenced in this case, including four different sentences in Hillsborough County... .
2. The Defendant's criminal history shows a gradual acceleration of the type offense. He was formerly convicted of simple misdemeanor possession of marijuana and has graduated up to the present offense of sale of cocaine.
3. The testimony indicates that the Defendant is a drug dealer.
In my judgment the first and third reasons given fail the clear and convincing standard required by Florida Rule of Criminal Procedure 3.701. As to the first reason, that defendant was not susceptible to rehabilitation, I agree with appellant that Hester v. State, 503 So.2d 1342 (Fla. 1st DCA 1987), approved in part, 520 So.2d 273 (Fla. 1988) controls, holding that a defendant's non-rehabilitative status cannot be considered a clear and convincing reason if the trial court does not give any facts supporting the reason other than the defendant's pattern of criminal activity. The last reason stated, that appellant is a drug dealer, is similarly neither clear nor convincing. Appellant, as stated in the majority's opinion, was convicted of both possessing and selling cocaine. Thus, appellant's status as a drug dealer is inherent in the offenses that he was convicted of and cannot serve as a basis for departure. See State v. Mischler, 488 So.2d 523 (Fla. 1986). Although I agree with the majority's conclusion that the second reason given supports departure from the guideline range on the theory that it is based upon an accelerating pattern of criminal conduct, Keys v. State, 500 So.2d 134 (Fla. 1986), I nevertheless find it impossible to state, pursuant to the Albritton standard, that the trial court would have departed due to the existence of the one valid reason. I would therefore REVERSE the sentence imposed and REMAND for resentencing.
NOTES
[1] It is unclear from the record why the trial court failed to impose a separate sentence for the possession offense. If it considered that it could impose only one sentence for separately charged counts, each of which was a facet or phase of the same transaction, see Johnson v. State, 366 So.2d 418 (Fla. 1978), I would simply observe that the single transaction rule has since been supplanted by the legislature's amendment to § 775.021(4), Fla. Stat., effective June 22, 1983, see Ch. 83-156, Laws of Fla., requiring separate sentences for each criminal offense, "if each offense requires proof of an element that the other does not... ." If, on the other hand, it was the court's intention to withhold imposition of sentence on the possession offense, its power to later impose sentence thereon is limited to a period of no more than five years following adjudication, see § 775.14, Fla. Stat., but any "[s]uch sentence may not exceed the maximum punishment computed from the date guilt was adjudicated." In the Interest of T.T. v. State, 472 So.2d 556, 557 (Fla. 1st DCA 1985).