FRANK, Judge.
J.C., a juvenile, was first taken into custody by the Department of Health and Rehabilitative Services (HRS) on September 15, 1987. She was adjudicated dependent on October 8, 1987. A psychiatric evaluation disclosed that J.C. was suffering from several conduct-related disorders. J.C. was placed in a variety of settings by HRS, but by March 29, 1988 she had fled from non-secure placements approximately nine times. She was adjudicated a delinquent on March 25, 1988. On March 29, the trial court ordered J.C. “to remain in secure detention pending placement.” The court also ordered HRS to “place the child in an appropriate residential treatment facility.”
HRS moved for a rehearing of the March 29 order because no appropriate situs for the placement of J.C. was available, and thus J.C. remained in secure detention. HRS also contested the order on the ground that it lacked the necessary funds to pay for “a residential treatment facility.” HRS did inform the trial court, however, that foster care was available for J.C. pending her location in a residential treatment facility.
On July 11, 1988 the trial court issued an order permitting J.C. to move from secure detention to foster care. The trial court reaffirmed its earlier position, however, requiring HRS to place J.C. in a residential psychiatric environment. HRS appeals from the order of the trial court urging that Chapter 39 of the Florida Statutes does not endow trial courts with the authority to order HRS to place a child in a particular treatment program.
We affirm. The pertinent poition of Chapter 39, section 39.09(3)(e), follows:
If the court decides to commit a child to the department, the departmer.t shall furnish the court, in order of the preference of the department, a list of not less than three options for programs in which the child may be placed. The coi rt shall rank the options presented by the department in order of the preference of the court. The recommendation of the court shall be reviewed by the departir ent and shall be given primary consic eration. The recommendation of the court shall be followed if the commitment lesource is available.
At the time of the hearing at which the trial court entered the challenged order, J.C. had been in and out of foster homes, group homes, hospitals and secure detention on numerous occasions. HRS, the guardian ad litem and the able trial court agreed that J.C. needed to be placed in a controlled environment providing psychiatric treatment. HRS nonetheless claimed that the problem with achieving that condition was twofold: a bed in the appropriate facility was not available; and HRS lacked the necessary funds to pay for J.C.'s placement.
HRS contends that In the Interest of K.A.B., 483 So.2d 898 (Fla. 5th DCA 1986), mandates reversal of the March 29 order. In K.A.B., the trial court ordered HRS to keep the child at “Country Acres.” HRS appealed, contending that the trial court did not have the authority to direct the particular locus for the placement of K.A.B. The fifth district agreed and ordered the words “at Country Acres” deleted from the order. Id. at 899. K.A.B. is *1163 distinguishable from the present case. First, and foremost, here the trial court ordered that J.C. be placed in a particular type of treatment facility. It did not prescribe that J.C. be kept at a specific place. The provision of an identified treatment program is within the trial court’s statutory authority. § 39.09(3)(e), Fla.Stat. (1987). This case is unlike T.D. v. State, 486 So.2d 40 (Fla. 2d DCA 1986), and A.H. v. State, 499 So.2d 27 (Fla. 2d DCA 1986), for here the trial court did not order that J.C. be placed in a facility not recommended by HRS. Rather, everyone agreed that J.C. needed the precise surroundings and treatment ordered by the trial court.
Finally, HRS asserts that it lacked the funding necessary to pay for the ordered treatment. Section 39.09(3)(e) provides, “[t]he recommendation of the court shall be followed if the commitment resource is available....” At the time the order was entered a bed was not available in any residential psychiatric treatment facility. The March 29 order correctly specifies that J.C. be placed “[u]pon an opening in an appropriate facility....” The order does not, however, provide that J.C. be placed when both a bed and funding become available. In other words, the order of the trial court requires HRS to place J.C. when a bed is available regardless of HRS’ funding situation at that time. The trial court based its decision upon the testimony of various HRS accounting officials. The trial court was not convinced, nor are we, that HRS pursued every possible avenue to obtain the funds necessary for the placement of J.C. Until it is established that the funds are not obtainable and, therefore, unavailable, see section 39.09(3)(e), we cannot agree with HRS that the trial court exceeded its authority by ordering J.C. to be placed under conditions offering rehabilitative treatment.
Affirmed.
SCHEB, A.C.J., and PARKER, J., concur.