ON MOTION FOR REHEARING AND REHEARING EN BANC
The state raises the following points in its motion: (1) the opinion conflicts with other decisions of this court in which an escalating pattern of criminality was based entirely upon nonviolent offenses; (2) the panel overlooked evidence of appellant’s violation of the trial court’s order, and (3) the opinion erroneously suggests that appellant’s $50,000.00 fine should not have been imposed.
With regard to appellant’s fine, we noted that the fine was required by section 893.-135(1)(b)(1), Florida Statutes (1985). The remand for “costs and other assessments” pursuant to Jenkins v. State, 444 So.2d 947 (Fla.1984), only included $200 in court costs, $20 for the Crimes Compensation Fund, and $2 for the Law Enforcement Education Fund. The statutorily mandated fine was not affected by our opinion.
Next, the state claims that we overlooked portions of the record which show that appellant violated an order of the trial court. The state’s motion cites the same portions of the record cited in the answer brief. Having examined this evidence for *1225 the second time, we find ourselves in no better position to ascertain the nature of the trial court’s order or the existence of the alleged violation.
The state also argues that we erred in finding the record insufficient to establish an escalating pattern of criminality. Specifically, the state points out that other decisions of this court have held that an escalating pattern could be based entirely upon nonviolent offenses.[1] Arguing that our opinion effectively overruled these pri- or decisions, the state requests that we rehear the issue en banc. It is apparent that the state has given our opinion too broad a reading. Although we noted that violent crimes are involved in the typical case of an escalating pattern of criminality, we did not go so far as to hold that there could be no escalating pattern absent violence.[2] Rather, we found that the facts of the instant case did not sufficiently demonstrate an escalating pattern where half of the offenses cited by the trial court did not result in conviction. To clarify, we now note that prior to the instant offense, appellant’s drug history consisted of third degree felonies. Although the instant offense, a first degree felony, is a more serious offense, it in itself does not constitute a pattern of escalation.
Finally, we note that subsequent to our opinion the supreme court decided Ree v. State, 14 FLW 565 (Fla. November 16, 1989). Ree holds that a trial court must issue its written departure statement at the time sentence is pronounced. In the instant case, the trial court failed to issue its departure statement until eight days after sentencing. Although we deemed the delay harmless, Ree requires strict contemporaneity and seems to leave no room for harmless error anaylsis. Under Ree, the instant case would have to be remanded for resentenc-ing. Although Ree represents an independent basis for remand, we must reverse the departure sentence and remand for a guidelines sentence based upon our disapproval of each of the trial court’s departure grounds.
Accordingly, the motions for rehearing and for rehearing en banc are DENIED and the case is REMANDED for resentenc-ing within the guidelines.
SMITH, THOMPSON and MINER, JJ., concur.

. In addition to Simmons v. State, 483 So.2d 530 (Fla. 1st DCA), rev. denied, 492 So.2d 1335 (Fla.1986), which was cited in our opinion, the state now offers Sims v. State, 522 So.2d 496 (Fla. 1st DCA 1988), Baker v. State, 530 So.2d 402 (Fla. 1st DCA 1988), and Sterling v. State, 547 So.2d 1301 (Fla. 1st DCA 1989). Simmons has already been discussed in the opinion. Sims is distinguishable because in that case the defendant's criminal history included violent, as well as nonviolent, crime. Although perhaps closest to the instant case, Baker is also distinguishable as that case involved a “gradual acceleration” in which the defendant progressed from misdemeanor possession of marijuana to the sale of cocaine. In the instant case by contrast, appellant’s criminal history consists entirely of third degree felonies prior to the first degree felony for which he received the challenged departure sentence. Reliance upon Sterling is inappropriate because that case did not discuss the defendant’s criminal history.

. This is entirely consistent with the recent decision in Kirby v. State, 553 So.2d 1290 (Fla. 1st DCA 1989). In Kirby, this court construed section 921.001(8), Florida Statutes (1987), which codifies escalating pattern as a valid basis for departure. That section provides that an escalating pattern "may be evidenced by a progression from nonviolent to violent crimes or a progression of increasingly violent crimes.” Kirby held that the word "may” in section 921.-001(8) indicated that an escalating pattern could be based entirely upon nonviolent offenses.