MINER, Judge.
The Department of Health and Rehabilitative Services (HRS) appeals from a *532 circuit court order adjudicating A.N.J. a delinquent child and committing him to HRS custody. As a preliminary matter, the state questions the standing of HRS to appeal such an order. We resolve the issue of standing by holding that under section 39.14(l)(a) Florida Statutes (1987), HRS has standing to prosecute this appeal as the “legal custodian” of the child committed to its charge and keeping. See K.W.G. v. State, 510 So.2d 1050 (Fla. 1st DCA 1987); In the Interest of 495 So.2d 241 (Fla. 5th DCA 1986); In the Interest of L.B., 493 So.2d 554 (Fla. 5th DCA 1986); In the Interest of K.A.B., 483 So.2d 898 (Fla. 5th DCA 1986).
The sole substantive question presented in this appeal is whether the trial court erred in ordering A.N.J.’s commitment to HRS to run consecutive to the commitment he was then under in a prior, unrelated case. Although this question has apparently not been previously addressed by an appellate court in this state, we find no error in the trial court’s order and therefore affirm.
On November 4, 1988, A.N.J., a fourteen year-old boy, was arrested for auto theft. On November 10, 1988, he was charged by information in case number 88-6820-CJA with grand theft, burglary and dealing in stolen property, which charges stemmed from the November 4 auto theft. According to the order appealed from, A.N.J. admitted the grand theft offense and the other two charges were nolle prossed. The trial court committed A.N.J. to HRS, the commitment to run “consecutive to case 88-6457-CJA”.[1] It is with this “consecutive” commitment that HRS alleges reversible fault.
Citing to M.V.D. v. State, 414 So.2d 599 (Fla. 1st DCA 1982) and In the Interest of M.S., 429 So.2d 844 (Fla. 4th DCA 1983), HRS argues that the circuit court’s authority to discipline a delinquent child is governed by section 39.11, Florida Statutes and thus, absent express statutory authorization, the court is without authority to impose a sanction. In each of the cited cases, the circuit court had imposed a fine while at the same time committing the child involved to HRS custody. On appeal, the fine imposed in each case was reversed because it was not specifically authorized in those instances where the juvenile was committed to HRS custody. HRS reasons that since section 39.11 does not expressly authorize consecutive commitments to HRS, such commitments are not permitted. Additionally, it argues that consecutive commitments would violate the prohibition against commitment for a determinate period of time; that the earlier commitment would constitute a type of mandatory minimum for the later commitment and further that consecutive commitments could lead to the prohibited result in which a juvenile receives a longer sentence than an adult for the same crime. Lastly, HRS maintains that consecutive commitments could result in a kind of Catch 22 situation where a child has successfully completed one rehabilitation program and is thereafter required to go through the same program a second time.
For its part, the state urges that the consecutive commitment ordered by the trial judge was specifically authorized by section 39.09(3)(e), Florida Statutes (1988 Supp.). It reasons that if a child is already in the custody of HRS for a prior delinquent act, then the court must be allowed to impose a consecutive commitment in order to give effect to its power to commit. To deny the court a statutorily authorized disposition alternative simply because the offender is already under sanctions for a prior delinquent act is, according to the state, an unwarranted result.
We begin our analysis by acknowledging that once a child has been adjudicated delinquent by a trial court, the court’s dispo-sitional alternatives are limited by section 39.11, Florida Statutes. Commitment to HRS is one of several alternatives available to the court. When the court opts for HRS commitment, the term of commitment must *533 be for an indeterminate period of time and ends when HRS makes a recommendation of discharge to the court and the court either approves the recommendation or fails to respond within ten days. Regardless of the timing of HRS’s recommendation, the commitment cannot extend past the child’s nineteenth birthday nor can it exceed the maximum term of imprisonment which an adult would receive for the same offense. § 39.11(4), Pla.Stat. (1987). The trial court is further limited in its choice of a commitment program. Section 39.-09(3)(e), Florida Statutes (1988 Supp.), provides in pertinent part:
If the court decides to commit a child to the Department, the Department shall furnish the court, in order of the preference of the Department, a list of not less than three options for programs in which the child may be placed. The court shall rank the options presented by the Department in order of the preference of the court. The recommendation of the court shall be reviewed by the Department and shall be given primary consideration. The recommendation of the court shall be followed if the commitment resource is available.
Section 39.001(3), Florida Statutes (1987), provides that the legislature intended “that this Chapter be liberally interpreted and construed in conformity with its declared purposes.” One such purpose is
[t]o protect society more effectively by substituting for retributive punishment, whenever possible, methods of offender rehabilitation and rehabilitative restitution, recognizing that the application of sanctions which are consistent with the seriousness of the offense is appropriate in all cases. Section 39.001(2)(a), Florida Statutes.
§ 39.001(2)(a), Fla.Stat. (1987).
Although the statute does not specifically address the question of consecutive commitments to HRS, neither can it be said that a particular legislative position on this issue is implicit. Since conflicting inferences can be drawn from what is contained in the statute’s provisions and purposes, we turn our attention to those inferences which may properly be drawn from what is not included in the statute. HRS argues that in dealing with delinquents, the trial court is limited to the terms of Chapter 39; if the statute does not expressly authorize consecutive commitments, then the trial court has no power to impose the same. While this argument is not without some merit, the cases cited by HRS do not provide authority for such a rigid rule of construction and are distinguishable from the case at hand.
The holdings in both M.V.D. v. State, swpra, and In the Interest of M.S., supra rest on the same foundation: (1) the portion of section 39.11 dealing with commitment to HRS does not mention the court’s power to impose, a fine, and (2) when the legislature granted the authority to fine it did so expressly as in section 39.11(1)(a) which authorized fines for delinquents placed in a community control program. In M. V.D. and In the Interest of M.S., the trial courts added a statutorily unauthorized sanction which was reversed on appeal. Here, the commitment order neither imposes an additional sanction nor purports to add to the list of available dispositional alternatives. Rather, the trial court is simply exercising an authorized power of disposition in a manner that is consistent with general law; separately charged offenses ordinarily receive consecutive sentences. See § 921.16(1) Fla.Stat. (1987).
In addressing HRS’s other arguments, it is significant to note that it is HRS that has the ability to recommend the programs from which the trial court must choose. Moreover, since each term imposed is of indeterminate duration and it is HRS that has the authority to recommend discharge, we believe it cannot be reasonably argued that consecutive commitments run afoul of Chapter 39 restrictions or necessarily require a child to serve a longer term of commitment. Finally, we find merit in the state’s argument that consecutive commitments are the ordinary manner in which separate adjudications of delinquency are handled. In fact, it may well be that the silence of Chapter 39 on this question is attributable to the commonplace nature of consecutive commitments. In In the Inter *534 est of IT. v. State, 472 So.2d 556 (Fla. 1st DCA 1985), the appellant was given consecutive commitments to HRS on each of three counts. The propriety of this sentence was not challenged in IT. and the appeal in that case did not deal with the question. Similarly, in T.L.J. v. State, 454 So.2d 706 (Fla. 1st DCA 1984), no challenge was raised to a juvenile’s receiving consecutive commitments to community control.
In sum, we hold that consecutive commitments of adjudicated juvenile delinquents to HRS is not prohibited by Chapter 39, Florida Statutes.
AFFIRMED.
BOOTH and JOANOS, JJ., concur.

. The record does not include a description of case number 88-6457-CJA. Although we assume A.N.J. had been committed to HRS in that case sometime prior to the court’s disposition in the case before us, it is unclear as to his status at the time the instant offense was committed.