ON MOTION FOR REVIEW OF DENIAL OF STAY
PETERSON, Judge.
The Department of Health and Rehabilitative Services requests review, pursuant to Rule 9.310(f), Florida Rules of Appellate Procedure, of the trial court’s order denying stay of its order of December 14, 1990. The latter order required H.R.S. to place V.L., the dependent child, into “an appropriate secured, long-range, psychiatric facility ... within 10 calendar days” and to pay all fees, costs, and expenses associated with the hospitalization and medical treatment of V.L. We reverse.
Section 39.41(l)(d), Florida Statutes (1989), vests H.R.S. with all rights and responsibilities of a legal custodian when a child is committed to its temporary legal custody.[1] Section 39.413(1), Florida Statutes (1989), allows a legal custodian to appeal an order of the trial court that affects the child, and subsection (3) provides that an appeal shall not operate as a supersede-as unless ordered by the trial court. See also rule 8.840, Fla.R.Juv.P. While we normally would not interfere with the trial court’s denial of an application for a stay pending review, we believe this case re *397 quires it. It appears from the appendices attached to the parties’ request and response that placement of this long-term charge of the state into the type of facility required by the order would cost approximately $47,000 per year. This amount is in excess of three times the current cost of psychiatric hospitalization for each of ninety-three other children within the district in which the child is located. This substantial difference in cost to public funds, together with what initially appears to be the failure to recognize In Interest of K.A.B., 483 So.2d 898 (Fla. 5th DCA 1986), requires us to vacate the order. In In Interest of K.A.B., this court stated:
[I]t is crystal clear that it is within the discretion of the agency [HRS] to decide where to keep a child who is in its custody.... The courts are not given general supervisory power over the Department of Health and Rehabilitative Services under the statutes.
Id. at 899 (citations omitted).
The trial court’s order of December 20, 1990, denying the stay and its order of December 21, 1990, vacating automatic stay pursuant to Rule 9.310(b), Florida Rules of Appellate Procedure, are vacated. The trial court’s order of December 14, 1990, is stayed pending review. The review of that order may be expedited upon motion by a party.
ORDERS VACATED.
COWART and W. SHARP, JJ., concur.

. The word "temporary” in the statute is somewhat of a misnomer since the term of custody continues until the child reaches eighteen years of age unless terminated by the court. This child is fifteen years old and has been in the custody of the court since she was nine months old.