SHARP, Judge.
The Department of Health and Rehabilitative Services appeals an order of disposition on the authority of In the Interest of J.C., 548 So.2d 1161 (Fla. 2d DCA 1989), rev. denied, 560 So.2d 788 (Fla.1990) and Department of Health and Rehabilitative Services v. V.L., 583 So.2d 765 (Fla. 5th DCA 1991). We remand this cause to the trial court to clarify whether J.T.H. has been adjudicated a delinquent. If so, the court is empowered to commit the child to HRS pursuant to section 39.11(1); Florida Statutes (1989) and section 39.053(3), Florida Statutes (Supp.1990).[1]
The court’s order required HRS to place J.T.H. in a long-term inpatient residential treatment facility pursuant to the recommendation of one HRS representative but contrary to the recommendation of another. All of the HRS representatives agreed J.T.H. was “eligible” to be placed in such a facility. However, the order did not require such placement unless funds were available.[2]
REMANDED for clarification.
GOSHORN, C.J., concurs.
DAUKSCH, J., concurs in conclusion only without opinion.

. In this case the court stated that "adjudication of delinquency had been taken under advisement."

. See Department of Health and Rehabilitative Services v. V.L., 583 So.2d 765 (Fla. 5th DCA 1991).