PER CURIAM.
Petitioner, the Department of Health and Rehabilitative Services, seeks certiorari review of an order adjudicating a minor delinquent for violating community control and detaining him pending disposition. The minor, B.S., is listed as the respondent. His community control was terminated after a successful period of supervision, but the court did not relinquish jurisdiction. The community control was subsequently reinstated by the juvenile judge after receiving a letter from the minor’s mother. Petitioner was ordered by the judge to allege a community control violation based on the statements in the mother’s letter. The minor waived counsel and pled guilty to violating community control.
Petitioner claims the minor’s due process rights were violated by the court’s action. Petitioner further complains that the court departed from the essential requirements of law and lacked statutory authority to order the minor into custody under the facts of this case. We do not reach the merits, though, because petitioner does not represent the minor. The minor neither appealed the adjudication of delinquency nor sought release from detention by way of habeas corpus. The procedural problems and statutory violations claimed by petitioner would have to be raised by someone with standing to argue on the minor’s behalf.
This case is similar to Department of Health and Rehabilitative Services v. State, 599 So.2d 123 (Fla. 5th DCA 1992), rev. denied, 606 So.2d 1165 (Fla.1992). In that ease, the Department of HRS sought certio-rari review of various detention orders, arguing that the risk assessment instrument prepared for each juvenile did not call for detention. This court in denying relief stated that even if HRS had standing -to seek certiorari review of the challenged orders, the court’s discretionary jurisdiction would not be exercised where the juveniles themselves had not complained. 599 So.2d at 127.
This case is distinguishable from those appeals taken by the Department of HRS from disposition orders which violated the statutory commitment procedure then in effect. See, e.g., In the Interest of K.J.M., 495 So.2d 241 (Fla. 5th DCA 1986); In the Interest of L.B., 493 So.2d 554 (Fla. 5th DCA 1986); In the Interest of K.A.B., 483 So.2d 898 (Fla. 5th DCA 1986). In those cases the Department’s duties as legal custodian of minors committed for placement were adversely affected by the orders being appealed.[1]
Petitioner also argues that it lacked statutory authority to file the petition alleging violation of community control. We will not entertain petitioner’s criticism of its own participation in the VOCC proceedings. Pe *1176 titioner complied with the court order directing the VOCC petition and did not seek emergency review via prohibition prior to filing it.[2]
For the reasons discussed above, the petition for writ of certiorari is denied.
PETITION DENIED.
COBB and GOSHORN, JJ., concur.
THOMPSON, J., concurs and concurs specially with opinion.

. The first district in A.N.J. v. State, 554 So.2d 531 (Fla. 1st DCA 1989), found that the Department of HRS had standing to appeal an order adjudicating a minor delinquent and committing him to HRS custody. The first district relied on several cases, including L.B., and K.A.B. cited above. As explained in the text, those cases are distinguishable and do not support the proposition that the Department of HRS may appeal on behalf of a minor where the Department does not represent the minor.

. There is an inherent inconsistency in the approach taken by petitioner. Petitioner's attorney objected below to the order directing the VOCC petition on the basis that it was no longer the supervising agency. The judge stated that if HRS took that position he would never terminate HRS supervision in any community control case and HRS would have to deal with the case load problem. Petitioner's attorney then stated that it would comply with the order and file the violation, but would also appeal it. The judge responded by telling petitioner's attorney that the relations between the court and HRS would be enhanced "if you would ask for a rehearing on some of those things rather than just zipping it up to Daytona Beach eveiy time you turn around.” Petitioner is estopped from prosecuting a case and then complaining that it did so. As an alternative to prohibition, HRS could have declined to follow the court's order and risk suffering the consequences, if any. Had HRS been held in contempt, appellate review of such an order would have been available.