441 So.2d 1157 (1983)
Wallace WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-803.
District Court of Appeal of Florida, Third District.
November 22, 1983.
Bennett H. Brummer, Public Defender and Michael W. Strickland, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Penny H. Brill and Jack B. Ludin, Asst. Attys. Gen., for appellee.
Before HUBBART and NESBITT and DANIEL S. PEARSON, JJ.
HUBBART, Judge.
The defendant Wallace Williams appeals his convictions and sentences for aggravated battery and two counts of robbery. He contends that: (1) the sentences imposed in this case were so disproportionate to the crimes committed as to constitute cruel and unusual punishment prohibited by the federal and Florida constitutions, (2) the court erred in overruling a defense objection to a comment by the prosecuting attorney in final argument to the jury, and (3) the defendant was deprived of due process of law based on a communication between the jury and a corrections officer during jury deliberations. We find no merit in these contentions and affirm.
First, the prison sentences imposed in this case for aggravated battery (15 years) and the two counts of armed robbery (120 years each) are within the statutory maximums authorized by Florida law for convictions on the above crimes in this state. Alvarez v. State, 358 So.2d 10 (Fla. 1978); §§ 784.045, 812.13(2)(a), Fla. Stat. (1981). In addition, it was permissible for the trial court under Florida statutory law to impose consecutive sentences for these above crimes, § 921.16(1), Fla. Stat. (1981), as well as to retain jurisdiction to review *1158 any possible parole release of the defendant for a period of one-half the total prison sentences imposed in this case, i.e., for a period of 127 1/2 years. § 947.16(3), Fla. Stat. (1982). In effect, then, the defendant has been sentenced in this case to prison for his natural life with a possibility of parole release at any time during his lifetime if approved by the parole commission and the trial court. See Alvarez v. State, supra. Given the defendant's prior criminal record and the viciousness of the crimes of violence and threatened violence committed in this case, we have no trouble in concluding that these sentences were not so disproportionate as to constitute cruel and unusual punishment proscribed by the federal and Florida constitutions. See Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980); also compare Solem v. Helm, ___ U.S. ___, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Indeed, the trial court carefully set forth its reasons for retaining jurisdiction to approve any parole release of the defendant, as required by Section 947.16(3)(a), Florida Statutes (1982), which reasons more than adequately justify the constitutionality of the sentences imposed herein, to wit:
"This Court, pursuant to Florida Statute 947.16 enters the following delineation of facts and findings in order to support or retain jurisdiction for one-half of the entire sentence.
Number one: The Defendant has been convicted of armed robbery with a deadly weapon and armed robbery with a firearm and aggravated battery, all violent crimes against the people of the State of Florida.
Number two: In the past, the Defendant had three prior robbery convictions and a ten-year sentence.
Number three: That the present facts as described by Irvan McLeash in his testimony properly described details of the present crime.
I borrow from the language of Mr. McLeash who states in relevant part that he saw the Defendant enter with a gun in his right hand, that he looked straight at the Defendant and observed him, that the Defendant, Wallace Williams, pointed a gun at Mr. Wilson and demanded money while saying to the victim, Irvan McLeash, `Get him too,' that Williams handed the gun to the Co-Defendant who then pointed it at Mr. McLeash, that Williams then proceeded to obtain money from Mr. McLeash, that Mr. Williams proceeded to take a pipe and beat Mr. McLeash with a pipe striking him right in the head and once in the shoulder.
During the course of these events, the Defendant said, `I love it;' that the victims Irvan McLeash and Robert Wilson were not participants in these crimes and were innocent victims.
That's finding number four.
Number five: The Defendant has showed by his conduct in this trial as well as his prior conduct, a total disregard for the criminal justice system.
Number six: That all prior efforts of rehabilitation of the Defendant have failed.
Number seven: That a firearm and a deadly weapon were both used during the commission of this crime.
Number eight: The Defendant has shown no remorse whatsoever with statements which this Court believes such as: `I love it,' and, `Get him too.'
Number nine: That the Defendant is intelligent and alert and capable of understanding his actions.
Number ten: There is a likelihood, if not prevented, the Defendant will continue to commit crimes against the people of the State of Florida.
It is, therefore, the conclusion of this Court that the Defendant is a danger to society." (R. 317-19).
Second, the prosecutor's argument to the jury was not a legally improper argument; we think the jury was perfectly capable of evaluating the argument for what it was and would not have been inflamed by it. The prosecutor compared defense counsel's argument in closing to that of a "squid" attempting to cloud the water. Not all proper arguments need be cogent ones; indeed, as here, they may even be *1159 regarded as dubious or unpersuasive by some. We trust that juries can sort out the cogent from the unpersuasive in argument by counsel, and conclude that no error was committed in allowing the prosecutor herein to make this argument. A prosecutor's jury argument need not rise to the level of the giants of our profession in order to be proper under the law. See Breedlove v. State, 413 So.2d 1 (Fla.), cert. denied, ___ U.S. ___, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982).
Finally, we see no error in the innocuous jury communication complained of herein in which a corrections officer told the jury during its deliberations that it would have to wait until the trial judge returned to court before a jury question could be answered. State v. Hunter, 358 So.2d 50 (Fla. 4th DCA), cert. denied, 364 So.2d 886 (Fla. 1978). Moreover, the defendant waived any such error by failing to object below after he was apprised of said communication. Castor v. State, 365 So.2d 701 (Fla. 1978); State v. Prieto, 439 So.2d 288 (Fla. 3d DCA 1983).
The final judgments of conviction and sentences imposed herein are accordingly
Affirmed.