517 So.2d 78 (1987)
Simmie Lee KENDRY, Appellant,
v.
STATE of Florida, Appellee.
No. BM-358.
District Court of Appeal of Florida, First District.
December 16, 1987.
Louis O. Frost, Jr., Public Defender, and James T. Miller, Asst. Public Defender, Jacksonville, for appellant.
Jim Smith, Atty. Gen., Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
PER CURIAM.
Appellant appeals his mandatory sentence of life imprisonment without possibility of parole for twenty-five years for the commission of sexual battery on a ten-year old child. He alleges that the penalty constitutes cruel and unusual punishment in violation of the Eighth Amendment to the Constitution of the United States and Article I, Section 17, of the Constitution of Florida. We disagree and affirm.
At trial, the child testified that appellant, a friend of the family, came to her home late at night and, while her father was asleep on the couch, forced her to go with him in his car. He took her to an isolated dirt road where he ordered her to get into the back seat. He then got into the back seat with her and took his and the child's clothes off from the waist down. Appellant lay on top of the child, placed his fingers in her vagina, and began moving up and down. She started kicking appellant, but he continued to lie on the child's stomach until he saw a car approaching, at which time he jumped up and returned to the front seat and started pulling up his pants. In the approaching vehicle, a police car, was a policeman who testified that he observed appellant going from the back seat to the front seat with his buttocks only partially covered. Shortly after the incident, the child was examined by a physician who testified that he found a small laceration near her vagina which was consistent with digital penetration.
Proportional review under the Eighth Amendment, according to the criteria established by the court in Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), entails consideration of at least the following: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the *79 same jurisdiction; and (3) the sentences imposed for the same crimes in other jurisdictions. Appellant's argument here that under this analysis the mandatory sentence imposed for appellant's offense would fail the test of constitutionality has substantial appeal, for death is a more severe result than bodily injury, and some murderers in Florida are given a less severe penalty than that imposed upon appellant. In addition, it does appear from information found in the appendix to appellant's brief, that Florida's statute probably exacts a more severe penalty for sexual battery on a child than any state in the nation, though penalties for offenses of this nature are characteristically severe. Finally, only murderers who receive the death penalty receive a more severe sentence in Florida than did appellant.
Notwithstanding the harshness of the penalty here, we must observe that Florida courts have consistently upheld mandatory minimum sentences against constitutional challenges. See, e.g., (pre-Solem) Scott v. State, 369 So.2d 330 (Fla. 1979); O'Donnell v. State, 326 So.2d 4 (Fla. 1975); McArthur v. State, 351 So.2d 972 (Fla. 1977); State v. Benitez, 395 So.2d 514 (Fla. 1981); and (post-Solem), Morgan v. Brescher, 466 So.2d 1218 (Fla. 4th DCA 1985); Zarate v. State, 466 So.2d 1176 (Fla. 3rd DCA 1985).
Further, the Florida Supreme Court has consistently upheld the penalty imposed herein against a constitutional challenge. Banks v. State, 342 So.2d 469 (Fla. 1976); Buford v. State, 403 So.2d 943 (Fla. 1981); Rusaw v. State, 451 So.2d 469 (Fla. 1984); State v. Hogan, 451 So.2d 844 (Fla. 1984). See also Caulder v. State, 500 So.2d 1362 (Fla. 5th DCA 1986). We note further that the crime dealt with by the court in Solem was one of the most passive and innocuous felonies found in the criminal law, and the penalty was the most severe that could be imposed in the state, while the offense here is one of the most heinous and despicable offenses imaginable, short of actual mayhem, or murder, and we find a high correlation between the gravity of the offense and the harshness of the penalty.
Contrary to appellant's assertion, we find nothing in Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), which would mandate a result here contrary to prior case law in Florida on this issue.
AFFIRMED.
SMITH, C.J., and JOANOS and BARFIELD, JJ., concur.