519 So.2d 1129 (1988)
Andrew J. ROSEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-177.
District Court of Appeal of Florida, Fifth District.
February 11, 1988.
*1130 James B. Gibson, Public Defender and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Paul C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
In departing from the recommended guidelines sentence of 12 to 17 years' imprisonment and ordering that defendant be incarcerated for 25 years, the trial court relied on both valid and invalid reasons. We will summarize the reasons given.
(1) The relatively short time [11 months] between defendant's release on parole after serving 13 years on a 99 year sexual battery sentence and the commission of the instant offenses. A relatively short amount of time between release and the commission of subsequent crimes is a valid reason for departure. White v. State, 481 So.2d 993 (Fla. 5th DCA 1986). Eleven months between release and commission of an offense is not too long a gap to be a valid ground for departure. Hogan v. State, 12 F.L.W. 2375 (Fla. 1st DCA Oct. 7, 1987).
(2) Threats on the life of the victim of the armed robbery. The taking of money or property from a victim by "force, violence, assault, or putting in fear" is an inherent element of the crime of robbery. § 812.13, Fla. Stat. (1985). An inherent component of the crime for which defendant is sentenced cannot also be relied upon as a valid reason for departure. State v. Cote, 487 So.2d 1039 (Fla. 1986); Williams v. State, 500 So.2d 604 (Fla. 5th DCA 1986).
(3) The psychological and emotional harm suffered by the victim. There was no finding by the trial court that the victim's trauma resulted from extraordinary circumstances not inherent in the crime charged and thus psychological trauma was an invalid reason for departure. State v. Rousseau, 509 So.2d 281 (Fla. 1987).
(4) Defendant's escape from custody between the time of conviction and the time he was sentenced. Defendant acknowledges the validity of departing based upon unscored subsequent convictions. Safford v. State, 488 So.2d 141 (Fla. 5th DCA 1986); Davis v. State, 455 So.2d 602 (Fla. 5th DCA 1984).
(5) The "avoidance of disparity" objective of the guidelines would be frustrated by giving defendant a guidelines sentence because defendant's prior record is not adequately addressed by the guidelines. We consider this a statement by the trial judge that departure is necessary based on the valid reasons given in the departure order. Scott v. State, 508 So.2d 335 (Fla. 1987).
Although the trial court relied upon both valid and invalid reasons for departure, our review of the record convinces us beyond a reasonable doubt that the absence of invalid reasons would not have affected the departure sentence. Albritton v. State, 476 So.2d 158 (Fla. 1985). See Hall v. State, 517 So.2d 692 (Fla. 1988).
AFFIRMED.
SHARP, C.J., and DAUKSCH, J., concur.