559 So.2d 604 (1990)
Richard Utan BAILEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-1054.
District Court of Appeal of Florida, Third District.
January 23, 1990.
Rehearing Denied May 11, 1990.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
*605 Robert A. Butterworth, Atty. Gen., and Mark S. Dunn and Michael Neimand, Asst. Attys. Gen., for appellee.
Before HUBBART, BASKIN and COPE, JJ.
BASKIN, Judge.
Richard Utan Bailey appeals convictions and sentences imposed for three counts of sexual battery, kidnapping, robbery, and possession of a firearm during the commission of a felony. Bailey presents three grounds in support of reversal: 1) the trial court deprived him of his constitutional right to testify; 2) his conviction for possession of a firearm during the commission of a felony involving a firearm constituted double jeopardy; and 3) his sentence was erroneous because it was based on an incorrect guidelines scoresheet, and the trial court's reasons for departing from guidelines were invalid. We affirm the convictions, except for possession of a firearm during the commission of a felony, but remand to the trial court for resentencing.
The offenses occurred when Bailey approached a seventeen-year-old girl at a convenience store in Kendall. A Broward County resident, unfamiliar with the area, the girl had become lost on her way to a friend's house. She stopped at the store to phone for directions. Bailey asked her to give him a ride but she refused. Bailey asked her if she was from Jamaica; when she responded that she was, he identified himself as a Jamaican. He then persuaded her to give him a ride, and they left together. After they had been driving for a few minutes, Bailey motioned to the girl to pull into a driveway. He produced a gun from a bag at his feet and forced the girl out of the car and into his house. Once inside, Bailey told his victim that he was going to rape her. The girl begged in vain for Bailey to release her, stating that she was a virgin, but he raped her repeatedly and struck her on the face with the gun. After about an hour, Bailey ordered the girl to dress, placed her in the trunk of her car, and drove her to a different location where he released her and drove off in her car. The girl went to a nearby house and phoned the police, describing Bailey as wearing a beeper and a visor with blinking lights. Utilizing her description, the police apprehended Bailey. A search of the house revealed traces of the victim's blood, the victim's fingerprints, semen, and a picture of Bailey holding the gun used in the commission of the crime. The victim's fingerprints were also found inside the car trunk; Bailey's fingerprints were found on the car. Inside the car were a pair of trousers and a social security card bearing a name police believed to be an alias for Bailey.
During questioning, Bailey first denied having sexually assaulted the victim, claiming he engaged only in oral sexual activity with her. After being told of the victim's medical report, Bailey changed his statement. He claimed that he met the victim at the Dade County Youth Fair on an afternoon when she worked from noon to nine-thirty in the evening at a store in Broward County. Although he stated that he had dropped the victim off at his friend's house and was to return for her, he was unable to name the residents or give the address of the house. He told detectives that he had only shown the victim a knife, had not threatened her, and that he did not have a gun. Later in the interview, he again recanted, stating that there was a gun in the house and that he had shown it to the victim.
The trial was heard by a jury. At the conclusion of the second day of trial, the court asked defense counsel whether Bailey had decided to testify. Counsel answered that Bailey had decided to testify, but added that he had advised against it. At the conclusion of the state's case, the court questioned Bailey, asking him whether he had been fully informed about his right to testify, had considered his attorney's advice to the contrary, and understood the possible consequences. Bailey stated that he understood and wished to testify. The court then remarked:
Fine. Now, if you get convicted, it may have some effect on your ability to claim incompetent counsel,... [counsel] is just putting that on the record to protect *606 himself. Now, if you want to be a Kamikase [sic] pilot and testify, that's up to you; you can do that.
When defense counsel indicated that Bailey did not wish to testify, the court asked why he had changed his decision. Bailey stated that he had changed his mind as a result of counsel's advice.
Later in the proceedings, defense counsel again informed the court that he had discussed the matter with Bailey, and that Bailey was not going to testify. Bailey then told the court that he understood his right to testify, and had had enough time to discuss it with counsel. In response to questioning, Bailey stated that he was nineteen years old, had completed high school, and had made his decision freely and voluntarily. The court then made a finding that Bailey had made a knowing and conscious decision not to testify.
At the conclusion of the trial, the jury returned guilty verdicts as to all counts. The guidelines scoresheet assessed a total of 626 points, placing Bailey in the presumptive range of life imprisonment. Among the points assessed were 26 points for possession of a firearm during the commission of a felony, 26 points for a prior third-degree felony,[1] and 120 points for victim injury. The court departed from the guidelines and sentenced Bailey to 685 years imprisonment on the ground that Bailey was on probation in New York at the time of the offense; that he had terrorized the victim for over sixty minutes and had raped her at least three times; that the victim was a virgin; and that he had severely humiliated her and had caused lasting psychological trauma. Bailey filed this appeal.

I. VIOLATION OF THE RIGHT TO TESTIFY
Bailey argues that the court denied him his constitutional right to testify. He claims that the trial judge coerced him into relinquishing his right, and reversal is therefore required. We reject his contention.
A defendant has the right to testify in his own behalf. Rock v. Arkansas, 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). One year after the Rock decision, the Supreme Court of Florida, in Torres-Arboledo v. State, 524 So.2d 403 (Fla.), cert. denied, ___ U.S. ___, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988), reaffirmed a defendant's right to testify. The court observed that "it would be advisable for the trial court, immediately prior to the close of the defense's case, to make a record inquiry as to whether the defendant understands he has a right to testify and that it is his personal decision, after consultation with counsel, not to take the stand." Torres-Arboledo, 524 So.2d at 411 n. 2. The court reasoned that such an inquiry would avoid post-conviction claims of ineffective assistance of counsel deriving from counsel's failure to explain the right, or active refusal to allow the defendant to take the stand. Torres-Arboledo.
In reaching its decision, the Torres-Arboledo court relied on Cutter v. State, 460 So.2d 538 (Fla. 2d DCA 1984), and State v. Albright, 96 Wis.2d 122, 291 N.W.2d 487, cert. denied, 449 U.S. 957, 101 S.Ct. 367, 66 L.Ed.2d 223 (1980). The Cutter court held that an accused waives his right to testify, if, after having the right explained to him by counsel, he acquiesces in his attorney's advice not to testify. Cutter, 460 So.2d at 539.
That appears to be what occurred here. As suggested in Torres-Arboledo, the trial court placed the pertinent questions and answers on the record. Unfortunately, the trial court then made the improvident statement that Bailey claims coerced him into foregoing his right to testify.
The circumstances here are unlike those in Johnson v. United States, 404 A.2d 162 (D.C.C.A. 1979), where the trial court declared that if the defendant took the stand his counsel would not be able to elicit testimony through questioning or present argument to the jury, thereby precipitating defendant's decision to forego testifying. *607 Here, the trial judge commented on Bailey's decision, but did not threaten Bailey. The court repeated the lawyer's advice not to frighten Bailey, but to make sure he understood the implications of his decision. Holland v. State, 528 So.2d 36, 38 (Fla. 4th DCA), review denied, 537 So.2d 569 (Fla. 1988). We conclude that Bailey was not precluded from testifying.

II. DOUBLE JEOPARDY
Bailey argues that his convictions for Counts I through III of sexual battery with the use of a firearm and for Count VI, possession of a firearm during the commission of a sexual battery, constitute double jeopardy. We agree.
Section 794.011(3), Florida Statutes (Supp. 1984), provides that "[a] person who commits sexual battery ... and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury is guilty of a life felony." Section 790.07(2), Florida Statutes (1983), makes the use, display, or attempted use of a firearm while committing or attempting to commit a felony, a felony of the second degree. Bailey's convictions under both statutes arise from one act, and under Carawan v. State, 515 So.2d 161 (Fla. 1987), the conviction and sentence imposed for Count VI may not stand. Hall v. State, 517 So.2d 678 (Fla. 1988); Perez v. State, 528 So.2d 129 (Fla. 3d DCA 1988); Evans v. State, 528 So.2d 125 (Fla. 3d DCA 1988); Henderson v. State, 526 So.2d 743 (Fla. 3d DCA 1988); Diaz v. State, 527 So.2d 300 (Fla. 2d DCA 1988); Burgess v. State, 524 So.2d 1132 (Fla. 1st DCA 1988); Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988).

III. SENTENCING ERRORS AND DEPARTURE
Bailey argues that three errors on his scoresheet incorrectly placed him in the presumptive range for life imprisonment, and that the court's reasons for departure are invalid.

a. Scoresheet Errors.
Of the 626 points assessed against Bailey, 26 represented the conviction on Count VI for the possession of a firearm during the commission of a felony. Bailey's prior criminal record added another 26 points to the score, and 120 points, 40 for each of the three sexual battery charges, were scored for victim injury. The 26 points for the conviction on Count VI are inappropriate as that conviction is now vacated. See Torres v. State, 527 So.2d 272 (Fla. 3d DCA), review denied, 536 So.2d 246 (Fla. 1988).
Bailey claims that his New York State youthful offender adjudication should have been scored five points as a misdemeanor, rather than 26 points, as a felony. Bailey's records from New York did not indicate for what crime he had been convicted, only that he had been sentenced to five years probation. Under rule 3.701(d)(5)(a)(2), Florida Rules of Criminal Procedure, a prior offense committed in a foreign state should be scored the same way the analogous or parallel offense under the Florida statute would be scored. If it cannot be determined whether the offense was a felony or a misdemeanor, it should be scored as a misdemeanor. Fla.R.Crim.P. 3.701(d)(5)(a)(3). To compare the statutes, the court must examine the elements of the out-of-state offense. Forehand v. State, 524 So.2d 1054 (Fla. 1st DCA 1988), approved, 537 So.2d 103 (Fla. 1989); Armontrout v. State, 503 So.2d 984 (Fla. 5th DCA 1987). We note that there is no record objection to the scoring of the New York offense as a felony; thus, the state was not given the opportunity to substantiate the points.
We find no merit in Bailey's claim that the 120 points assessed for victim injury were improper. Walker v. State, 498 So.2d 688 (Fla. 3d DCA 1986); The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824, 826 (Fla. 1984);[2]The Florida Bar Re: Rules of Criminal Procedure (Sentencing Guidelines, 3.701, *608 3.988), 482 So.2d 311 (Fla. 1985).[3] Thus, the trial court was correct in assessing points for victim injury for each count of sexual battery.

b. Reasons for Departure from Sentencing Guidelines.
The trial court departed from the sentencing guidelines because Bailey was on probation in New York at the time of the offense, terrorized the victim, who was a virgin, for over sixty minutes, and caused her lasting psychological trauma.
Departure reasons are not valid if they are included in the presumptive guidelines score. State v. Mischler, 488 So.2d 523 (Fla. 1986); Hendrix v. State, 475 So.2d 1218 (Fla. 1985); Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985), approved, 483 So.2d 423 (Fla. 1986). Because Bailey's probationary status was taken into account in calculating his guidelines score, that reason does not support departure.
The length of time Bailey terrorized the victim and the number of times he raped her are also invalid reasons: they are components of the three counts of sexual battery and may not be used to justify departure. Mischler; Steiner v. State, 469 So.2d 179 (Fla. 3d DCA), review denied, 479 So.2d 118 (Fla. 1985); Baker.
Psychological trauma inflicted on the victim may, under certain circumstances, support departure from the guidelines, Casteel v. State, 498 So.2d 1249 (Fla. 1986); Hankey v. State, 485 So.2d 827 (Fla. 1986); Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984), approved, 477 So.2d 565 (Fla. 1985); Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984), but not when the trauma suffered is of the type that a victim of that type of crime would usually suffer. Anthony v. State, 524 So.2d 655 (Fla. 1988); State v. Rousseau, 509 So.2d 281 (Fla. 1987). No evidence appears in the record, other than the blanket assertion of the court, as to the type of trauma suffered by the victim. Without such evidence, that reason for departure is invalid. Harris v. State, 531 So.2d 1349 (Fla. 1988); Leon v. State, 498 So.2d 680 (Fla. 3d DCA 1986); Brunson v. State, 492 So.2d 1155 (Fla. 3d DCA 1986); Smith v. State, 526 So.2d 1060 (Fla. 1st DCA 1988); Roseman v. State, 519 So.2d 1129 (Fla. 5th DCA 1988); Salas v. State, 544 So.2d 1040 (Fla. 4th DCA 1989).
For these reasons, we affirm Bailey's convictions for sexual battery, kidnapping and robbery. We vacate the conviction for possession of a firearm during the commission of a felony, and remand to the trial court for resentencing.
Affirmed in part, vacated in part and remanded.
NOTES
[1] At the sentencing hearing, the state established that Bailey had been adjudicated a youthful offender in New York and sentenced to five years probation.
[2] Rule 3.701(d)(7), Florida Rule of Criminal Procedure, reads: "Victim injury shall be scored if it is an element of any offenses at conviction."
[3] The only alteration of rule 3.701(d)(7) in 1985 was to the committee note, which was changed to include the explanatory phrase that whether there are one or more victims, victim injury shall be scored for each count in which it is an element of the offense.