SMITH, Judge.
In this appeal from a departure sentence imposed following a conviction for aggravated battery, appellant contends that the reasons given by the trial court are insufficient to support the departure. We agree and remand for resentencing within the guidelines range.
Appellant was charged with sexual battery, but pled guilty to aggravated battery, a lesser included offense. The recommended guidelines range for this offense was community control or 12-30 months incarceration. Instead, the trial court imposed a departure sentence of 15 years incarceration.
At the sentencing hearing, the trial court indicated it felt compelled to exceed the recommended guidelines range because the circumstances of the offense demonstrated appellant’s potential to react in a violent and dangerous manner towards defenseless individuals; the circumstances of the case also indicated to the trial court that appellant had a need to humiliate his victim while he acted out his violent and sexual aggressions. The trial court observed that appellant’s criminal record dates back to 1968, exhibiting a course of conduct suggesting a lack of regard for the law and judicial system. This course of conduct also indicated to the trial court that appellant has a resistance to rehabilitation. The trial court noted that in 1976 appellant had been convicted in California of two counts of sexual assault and kidnapping, and in 1980, appellant was convicted of sexual battery in Escambia County, Florida. The trial court added that appellant has been a fugitive of justice having escaped from custody in California, and appellant was convicted of perjury. These offenses, said the trial court, demonstrated a total disregard for the rights of others and an escalating pattern of criminality. The trial court con- *1210 eluded by indicating its belief that the appellant posed a continuous and immediate threat to every female given his demeanor in court, his past record of sexual offenses, and given the trial court’s familiarity with published research concerning violent sexual assaults.
The State makes no argument on appeal that the first reason given, the appellant’s potential to react in a violent and dangerous fashion towards defenseless individuals, is valid. Clearly, this basis for departure considers conduct that is inherent in the offense of aggravated battery which is impermissible. Mayo v. State, 518 So.2d 458 (Fla. 1st DCA 1988).
The State likewise fails to make an argument in support of the second reason given for departure. There is no indication in the record that the appellant humiliated his victim in the instant battery or during the course of any other offense. Although the trial court indicated it was going to attach the presentence investigation report to his statement of départure grounds, that report was not contained in the original record on appeal.[1] The State filed a motion to supplement the record to include appellant’s presentence investigation report; that motion was granted, but only two of at least six pages were submitted to this court. Those two pages list appellant’s prior record. Because neither this portion of appellant’s PSI nor any other part of the record indicates appellant has humiliated his victim, this ground is without an adequate factual basis and is invalid. See State v. Mischler, 488 So.2d 523 (Fla.1986) (a departure reason not supported by the record is invalid).
The third ground given for departure, that the appellant’s record and instant charge “exhibits a continuing course of conduct and violent behavior that indicates a total lack of regard for the law and judicial system and a resistance to rehabilitation,” is also invalid in this case. This same reason, identically worded, was employed in White v. State, 548 So.2d 765, 767 (Fla. 1st DCA 1989), where it was observed that this ground is actually an amalgam of separate departure grounds each of which is potentially a valid basis for departure. However, each requires independent support in the record. Id. Thus, while lack of respect for law and the judiciary has been held to be a valid basis of departure,[2] this reason is not valid in this case because the trial court’s conclusion that the appellant lacked respect for the law and judiciary was grounded solely on his criminal record. As such, the ground is clearly invalid. Mayo v. State, supra.
Likewise, the trial court’s conclusion that the appellant has resisted rehabilitation is, in theory, a valid departure ground. Ashley v. State, 510 So.2d 970 (Fla. 5th DCA 1987). However, in this case, there is no indication in the record before us that the appellant has demonstrated a resistance to „ rehabilitation other than the appellant's record itself. Resistance to rehabilitation is an improper basis for departure when evidenced solely by pri- or record. Tillman v. State, 525 So.2d 862 (Fla.1988), and White v. State, supra.
The trial court also gave as a reason for departure the fact that appellant’s criminal history indicated an escalating pattern of criminality. Generally, this valid departure ground is to be employed when a defendant has graduated from relatively minor crimes concerning property to serious violent crimes against persons. See Keys v. State, 500 So.2d 134 (Fla.1986), Cox v. State, 508 So.2d 1318 (Fla. 1st DCA 1987), and White v. State, supra.[3] The essential feature of this basis for departure is the notable increase in severity of the offenses previously committed so as to jus *1211 tify recognition beyond that already accorded by the guidelines scoring scheme.
In the instant case, the trial court stated that the appellant’s criminal history in this case consisted of two convictions for sexual battery and a conviction for kidnapping, each occurring in California in 1976, and a 1980 sexual battery conviction obtained in Escambia County. As previously noted, the trial court also indicated that the appellant had at one point escaped from custody in California, and he had committed perjury. These convictions do not demonstrate an escalation of severity so as to justify departure. Rather, the convictions demonstrate a history of persistent criminal conduct which could have been taken into account in the scoring of appellant’s prior record.[4] Accordingly, this basis for departure was not appropriate in the instant case.
Finally, there is the trial court’s explanation that the appellant poses a continuing and immediate threat to every female. In Mitchell v. State, 507 So.2d 686 (Fla. 1st DCA 1987), this court held that the trial court could not depart from the guidelines for the “protection of the community.” We find little difference between that departure ground and the one given in the instant case. Accordingly, this departure ground is likewise invalid.
As all of the reasons for departure are invalid, appellant’s sentence is vacated and the cause is remanded for resentencing within the guidelines range.
REVERSED and REMANDED.
SHIVERS, C.J., and BARFIELD, J., concur.

. We note also that the scoresheet evidently prepared following the guilty plea to aggravated assault is not in the record.

. Brown v. State, 535 So.2d 671 (Fla. 1st DCA 1988), review jurisdiction accepted, 544 So.2d 199 (Fla.1989); Fry v. State, 497 So.2d 964 (Fla. 1st DCA 1986).

.It is. true that a trial court may impose a departure based on an escalating pattern of criminality though a defendant may have only committed non-violent crimes. See Baker v. State, 530 So.2d 402 (Fla. 1st DCA 1988).

. Compare, State v. Simpson, 554 So.2d 506 (Fla.1989) (the "temporal proximity" of scored offenses coupled with a pattern of criminal activity can be a valid basis for departure). In the instant case, the trial court did not base departure on such a ground.