THOMPSON, Judge.
Joaquin Casado was tried by a jury and found guilty of two counts of sexual activities with a child,[1] two counts of sexual battery on a child under the age of 16 years,[2] three counts of lewd act upon a child[3] and one count of use of a child in a sexual performance.[4] Casado was sentenced to concurrent terms totalling 22 years in the Florida Department of Corrections followed by five years supervised probation. Casado appeals the constitutionality of sections 800.04 and 794.041(2)(b).[5] He argues that they are unconstitutional because they prohibit a defendant who engages in sexual activity with a consenting citizen under the age of 16 years from presenting a defense of consent; a defense which would be available had the defendant been charged with the same offense upon a child 16 years of age or older. We affirm his convictions and sentences. This court has previously upheld the constitutionality of section 800.04. Jones v. State, 619 So.2d 418 (Fla. 5th DCA), review granted, 629 So.2d 133 (Fla.1993). We specifically uphold the constitutionality of section 794.-041(2)(b) based upon the reasoning in Jones. Id. We again certify to the Florida Supreme Court the question of whether the constitutional right to privacy renders unconstitutional those portions of section 800.04 and 794.041 providing that consent is not a defense to a prosecution for sexual activity with a minor under the age of 16.
AFFIRMED.
W. SHARP and GRIFFIN, JJ., concur.

. § 794.041(2)(b), Fla.Stat. (1991).

. § 800.04(3), Fla.Stat. (1991).

. § 800.04(1), Fla.Stat. (1991).

. § 827.071(2), Fla.Stat. (1991).

.Section 794.041, Florida Statutes (1991) provides:
(2) Any person who stands in a position of familial or custodial authority to a child 12 years of age or older but less than 18 years or age and who:
(b) Engages in sexual activity with that child is guilty of a felony of the first degree.