647 So.2d 152 (1994)
Victor Raymond JORY, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1737.
District Court of Appeal of Florida, Fifth District.
June 3, 1994.
Rehearing Denied January 6, 1995.
Jeffrey G. Thompson of Lovering, Vance & Thompson, Cocoa, for appellant.
*153 Robert A. Butterworth, Atty. Gen., Tallahassee, and Mark S. Dunn, Asst. Atty. Gen., Daytona Beach, for appellee.
GOSHORN, Judge.
Jory appeals from the sentences imposed after he was convicted of ten counts of lewd and lascivious assault on a child under the age of 16 years,[1] one count of promoting a sexual performance by a child under the age of 18 years,[2] and one count of using a child under the age of 18 years in a sexual performance.[3] For the ten counts of lewd and lascivious assault, he received the maximum possible statutory sentence[4] of 15 years each, to run consecutively, followed by two consecutive 15 year terms on probation for the two promoting and using counts. The total is thus 150 years in prison followed by 30 years of probation. Jory argues on appeal that the trial court's written reasons for departing upwards from the sentencing guidelines recommended sentence of 17 to 22 years, and the permitted bracket of 12 to 27 years, are either improper or not supported by the record.[5] We disagree and affirm.
The crimes for which Jory was charged and convicted arose out of a single episode during which Jory had sex with a 15 year old boy.[6] The sexual encounter was videotaped by an unknown third person. The police later seized the tape after a citizen complained that Jory was selling child-pornographic tapes and materials. The tape formed the sole basis for this prosecution.
The trial court gave a number of reasons for departing upwards from the sentencing guidelines, one of which we find is supported by a preponderance of the evidence and provides a valid basis for the departure sentence. The trial court wrote:
4) THE DEFENDANT IS NOT AMENABLE TO REHABILITATION AND POSES A DANGER TO SOCIETY.

This ground is found to exist beyond every reasonable doubt, without regard to the defendant's prior record. See Louissa[i]nt v. State, 576 So.2d 316 (5th DCA 1990). The defendant's comments before this Court clearly show that the defendant sees nothing wrong with his conduct in this case. He is unable to perceive any reason to change. The defendant views his conduct to be lawful and blames a system that is "prejudicial against homosexuals" for his plight.
The facts show that the defendant preys upon young boys from broken homes, who lack a father figure in their lives. Somehow, the defendant is able to induce these children to participate in his world of perversion and crime.
This defendant is not amenable to reasonable rehabilitation. See Busby v. State, 556 So.2d 1208 (1st DCA 1990); Mendenhall v. State, 511 So.2d 342 (5th DCA 1987).
Jory is unequivocal in his stance that he has done nothing illegal and that the State's pursuit of the case stems from a "life-style persecution, a classic example of homophobia... ." Jory's recorded statements make clear his belief that because the minor male does not feel victimized, there was no victim and thus no crime. Unfortunately for Jory, the victim's feelings or consent to the acts are not affirmative defenses to the criminal offenses of which Jory was convicted, at least under the current law in this state. Jory's persecution argument also misses the point. It is his illegal sexual involvement with a minor that is targeted, nothing more. While it is true that Jory would have been acquitted *154 of violating section 800.04 had the jury believed the victim's testimony that he was 16 when he had sex with Jory, the fact remains that the jury determined otherwise and the evidence supports its finding.
In Whitehead v. State, 498 So.2d 863 (Fla. 1986), the supreme court held that evidence indicating that a defendant poses a future danger to society "can clearly be considered justification for a departure from the recommended sentence," where that evidence is not already scored on the guidelines scoresheet. Id. at 865. Here, Jory's statements clearly indicate that he does pose a real future danger to society. No other conclusion can be reached after considering Jory's own philosophy that oral and anal intercourse with a minor is not "wrong" and should not be prosecuted as a criminal offense as long as the minor does not come away from the encounter feeling victimized.
Jory's own comments allow a distinction to be made between this case and those cases holding that departure is invalid if based on the mere speculation or conjecture that the defendant will again engage in criminal conduct. See, e.g., Odom v. State, 561 So.2d 443, 445 (Fla. 5th DCA 1990) (holding that potential for reoccurrence is not an adequate basis for departure); Dixon v. State, 492 So.2d 410, 411 (Fla. 5th DCA 1986) (holding that judge's belief that defendant would strike again was an invalid departure reason because it was based solely on speculation). Jory is clearly a threat to our young people as he has an avowed intention not to be rehabilitated because he perceives his actions to be proper and legal.
AFFIRM.
PETERSON, J., concurs.
W. SHARP, J., dissents, with opinion.
W. SHARP, Judge, dissenting.
I respectfully dissent. The fundamental problem in this case is that a person convicted of statutory rape[1] of a sexually mature and willing child victim is being punished far more harshly than many murderers and violent rapists, and certainly other statutory rapists. When the record evidence in this case is boiled down past the rhetoric and hyperbole, I can only conclude that the sole reason for this gross departure sentence  a total of 150 years in prison, followed by 30 years on probation  is because the statutory rape was homosexual rather than heterosexual.
Florida's sexual battery statutes are gender-neutral. Private homosexual acts between consenting adults apparently are not criminal by themselves.[2] Thus, I can not agree Jory's departure sentence should be sustained. It is simply a matter of achieving equal justice under the law.
Jory argues on appeal that the trial court's written reasons for "departing" upwards from the sentencing guidelines recommended sentence of seventeen to twenty-two years and the permitted bracket of twelve to twenty-seven years, are either improper or not supported by the record. He also urges that the punishment imposed for his crimes is so extremely harsh and grossly disproportionate as to violate Florida's constitutional prohibition against cruel or unusual punishment.[3] Because I agree with Jury's first argument, I do not reach the second.[4]
*155 In this case the crimes for which Jory was charged and convicted arose out of a single episode during which Jory had sex with a sexually mature fifteen-year-old boy. The approximately twenty-minute sexual encounter was videotaped by an unknown third person. The tape was later seized by the police after a citizen complained that Jory was selling child-pornographic tapes and materials. The tape formed the sole basis for this prosecution.
The boy-victim testified at trial that he was actually sixteen when the tape was made, and that he consented to the sex acts which were filmed. Another friend, not Jory, persuaded him to participate. Had he proved to be sixteen years old, consent would have been a complete defense to the ten sexual assault counts. A viewing of the tape, which is part of the record on appeal, shows no force or violence was used by Jory. The boy-victim suffered no apparent physical injury.
The trial court gave five reasons for departing upwards from the sentencing guidelines: 1) premeditation and calculation; 2) the particular facts of the case; 3) inducing others to participate in the commission of a crime; 4) defendant is not amenable to rehabilitation and poses a danger to society; and 5) the defendant's escalating pattern of criminal conduct. I shall consider each below.

1. Premeditation & Calculation

The trial court stated:
This reason for departure is not an inherent component of the crimes charged in Counts I through X of the Information. The defendant was convicted of ten counts of lewd and lascivious acts upon a child under section 800.04(2), Florida Statutes (1987) which read "any person who commits an act as defined as sexual battery under section 794.011(1)(h) upon a child under age of sixteen ..." In Lerman v. State, 487 So.2d 736 (Fla. 1986), [Lerma v. State, 497 So.2d 736 (Fla. 1986)] the Florida Supreme Court held that calculation or premeditation is not an inherent component of the crime of sexual battery.
* * * * * *
In the instant case, the evidence showed that the defendant carefully planned, promoted and starred in the video taping of child pornography. He clearly intended to use the final product in connection with a perverse plan to sell or distribute same in the corrupt world of child pornography.
A view of the subject video tape shows that the defendant was in total control of the production and that each sexual act was carefully planned and choreographed by the defendant. Such acts show heightened premeditation planning and calculation that sets this crime apart from ordinary criminal conduct. See Hallman v. State, 560 So.2d 223 (Fla. 1990).
Hallman was an appeal from a death sentence, in which the trial judge overturned the jury's recommendation of a life sentence. The supreme court held there were not sufficient aggravating circumstances in that case to overcome the reasonableness of the jury's recommendation of life. See Tedder v. State, 322 So.2d 908 (Fla. 1975). Hallman also received a departure sentence for the non-capital offense of robbery and kidnapping in that case, and one of the reasons given was premeditation. The court held the circumstances in Hallman were insufficient to justify a departure on that basis. It explained:
While many crimes can be said to be premeditated, there are only a few which are so carefully planned and executed as to warrant an extraordinary sentence.
Hallman, 560 So.2d at 227.
The Florida Supreme Court held in State v. Obojes, 604 So.2d 474 (Fla. 1992), that premeditation and calculation are sufficient reasons to support a departure sentence in a sexual battery case if it is of a "heightened variety," carefully planned and prearranged with "cold forethought." In Obojes, the defendant had stalked the victim over a two-week period, and the sexual battery was violent and brutal. The court said in Obojes, however, that premeditation should not be applied to cases that "inherently involve cold forethought."
In this case, the sole evidence of the crimes charged was the videotape. It shows *156 no brutality or violence. It does show consensual sexual activity with a minor. The only basis to conclude the activity was premeditated is an inference that someone (perhaps Jory) had choreographed and planned, in a general way, the series of sexual activities so they could be captured best on videotape. Neither Jory nor the child victim testified that Jory planned the sexual performance.
But even if this inference is permissible, based on the tape itself, Jory was also convicted in this case for promoting a sexual performance by a child,[5] and using a child in a sexual performance.[6] Both of these crimes involve the element of directing and choreographing sexual activity with a child. They were necessary elements of both crimes for which Jory was convicted and sentenced in this case. As such, the premeditation and design factors used by the trial judge to enhance the sexual battery crimes duplicate elements of the "performance" crimes. Thus they cannot provide a basis for a departure sentence. See McGouirk v. State, 493 So.2d 1016 (Fla. 1986); State v. Mischler, 488 So.2d 523 (Fla. 1986); Fryson.

2. Facts of the Case

Under the "facts of the case" the trial court stated:
The facts of this case show egregious circumstances which are not elements of the crimes charged. The entire criminal episode was captured on videotape by the defendant's photographer. The videotape tells the whole story and clearly shows the egregious nature of the defendant's criminal conduct.
In particular, this defendant induced a young boy to become involved in the production of child pornography. The defendant directed the child throughout the ordeal which involved multiple acts of oral and anal sex.
If there is any doubt as to the egregious nature of the defendant's acts, this Court invites any reviewing authority to take approximately twenty-four minutes from its busy schedule and watch the tape. The point will become self-evident. See Simmons v. State, 570 So.2d 1383, 1385 (Fla. 5th DCA 1990).
A trial court may depart from the sentencing guidelines when the conduct of a defendant is particularly egregious and heinous. In State v. McCall, 524 So.2d 663 (Fla. 1988), a departure was upheld in a murder case when the evidence showed the defendant crushed the victim's head with repeated blows using a 2" x 4" board and concrete blocks. And, in Simmons v. State, 570 So.2d 1383 (Fla. 5th DCA 1990), a burglar's sentence was aggravated because the defendant unexpectedly encountered the victim and shot him three times while accomplishing the burglary.
In this case, aside from showing Jory committed the sexual batteries for which he was convicted, no other egregious circumstances are apparent. The child victim was neither brutalized nor physically injured. The age of the victim and the various sex acts depicted are essential components of the crimes for which Jory was convicted and sentenced. See Harris v. State, 566 So.2d 823 (Fla. 5th DCA 1990).
Florida's sexual battery laws are gender-neutral. As such, courts should apply them equally and fairly to all defendants, however distasteful a defendant's life-style may be to a particular judge or panel of judges. This is difficult to do, and not a "popular" result.
*157 In my view, the principle of equality of justice requires that Jory be treated no more severely for the consensual statutory rape of a sexually mature boy than male defendants who have consensual sex with sexually mature but underaged girls. In three recent cases involving sexually mature but underaged girls, this court upheld the statutory rape convictions, but we also certified questions to the Florida Supreme Court as to whether or not consent should be a defense to the statutory rape charges brought against the girls' boyfriends.[7] Departure sentences were not imposed in those cases.
In Bailey v. State, 559 So.2d 604 (Fla. 3d DCA), rev. denied, 574 So.2d 139 (Fla. 1990), a defendant kidnapped and raped a seventeen-year-old girl. He hit her with a gun, and forcibly raped her repeatedly over the span of one hour. She suffered gross physical injuries. The trial court sought to depart upwards from the permitted sentencing bracket because of the length of time the defendant terrorized the victim and the number of times he forcibly raped her. The appellate court held these reasons were inherent components of the sexual battery and thus did not provide a valid basis to depart. The circumstances of this case do not begin to approach the egregious facts in Bailey. Whether or not one agrees with Bailey, it is strong authority to disallow a departure sentence in this case for being egregious or heinous.

3. Inducing Others to Participate in the Commission of the Crimes

The trial court stated:
This ground was upheld in Whitfield v. State, 515 So.2d 360 (Fla. 4th DCA 1987). The defendant has been found guilty of Count XI: Promoting a Sexual Performance by a Child and Count XII: Using a Child in a Sexual Performance.
In order for the defendant to accomplish his goal of providing child pornography for distribution or publication, it was necessary for the defendant to induce the video photographer to participate in the crime. Although the identity of the photographer is unknown to this Court, the videotape clearly reflects the participation of this third party who worked under the direction of the defendant.
This reason for departure was based on the trial court's assumption that Jory had induced a third party to videotape his sexual activity with the child-victim. However, it is not clear from the tape itself, nor from the testimony at trial, who induced who to make this pornographic tape. The identity of the camera-person was not disclosed at trial.
In Stroud v. State, 576 So.2d 880 (Fla. 5th DCA 1991), this court held that the trial judge could not depart from a guidelines sentence on the ground that Stroud had induced a juvenile to participate in a crime because that constituted a crime (contributing to the delinquency of a minor), for which Stroud was neither charged nor convicted. Florida Rule of Criminal Procedure 3.701(d)(11) prohibits a departure based on a criminal offense for which no conviction was obtained. See also Hallman, 560 So.2d at 227.
In this case, if the tape permits an inference that Jory induced another person to tape the sexual performance with the child-victim, that would constitute criminal solicitation under section 777.04(2) or criminal conspiracy under section 777.04(3). Since Jory was neither charged nor convicted of these crimes, a departure sentence based on these facts and inferences is invalid.

4. The Defendant is Not Amenable to Rehabilitation and Poses a Danger to Society.

The trial court said:
This ground is found to exist beyond every reasonable doubt without regard to the defendant's prior record. See Louissaint v. State, 576 So.2d 316 (Fla. 5th DCA 1990). The defendant's comments before this Court clearly show that the defendant sees nothing wrong with his conduct in this case. He is unable to perceive any reason to change. The defendant views his conduct to be lawful and blames a system that *158 is "prejudicial against homosexuals" for his plight.
The facts show that the defendant preys upon young boys from broken homes, who lack a father figure in their lives. Somehow, the defendant is able to induce these children to participate in his world of perversion and crime.
In my view, these assertions by the trial court that Jory is not amenable to rehabilitation and that he poses a danger to society are not supported by this record. In order to stand as a basis for a departure sentence, the reason must be supported by a preponderance of the evidence in the record.[8]
With regard to his lack of ability to be rehabilitated, the trial court relied on Jory's statement at the sentencing hearing. Jory said:
This has not been a criminal prosecution. It has been a lifestyle persecution, [sic] a classic example of homo-phobia, a judicial system run amuck where dislike and prejudice have overcome reason and fact.
The persecutors [sic] of this case have outrageously abused the judicial process and flagrantly violated my Fourth, Fifth, Sixth and Fourteen [sic] Amendment Rights guaranteed by the United States Constitution, not to mention the rights of true victims of sexual abuse and assault. True victims of sexual abuse and assault, both women and children, should be outraged at the gross abuse of judicial resources squandered on a case where the alleged victim says he is not a victim and says that this was not a crime.
From the inception of this case the government has deliberately misled the Court and the public to manipulate inherent prejudice to outweigh and to overcome facts and reason.
The trial court relied in part on these comments in concluding that Jory sees nothing wrong with his behavior, and that he views his conduct to be lawful and is unable to perceive any reason to change. Therefore, the court concluded that Jory is not amenable to reasonable rehabilitation.
The Florida Supreme Court has held that constitutional considerations generally require that a lack of remorse cannot constitute a valid reason for an upward departure. This is especially true where the lack of remorse is inferred from a defendant's exercise of his constitutional rights or assertion of innocence. State v. Sachs, 526 So.2d 48 (Fla. 1988); State v. Mischler, 488 So.2d 523 (Fla. 1986), clarified by State v. Rousseau, 509 So.2d 281 (Fla. 1987). Thus a defendant's denial that he has committed the offense is not a valid reason for departure. See Mischler (facts did not support a finding of lack of remorse where the defendant claimed that she did not commit the alleged theft, that her employer was the culpable party, and that she lost at trial because he had more money than she did); Smith v. State, 482 So.2d 469 (Fla. 5th DCA 1986) (it is error for a trial court to aggravate a defendant's sentence on the basis that the defendant steadfastly maintains his innocence notwithstanding the existence of incriminating evidence); Vance v. State, 475 So.2d 1362 (Fla. 5th DCA 1985) (fact that a defendant refused to confess, failed to admit his guilt and persisted in maintaining his innocence was not a proper reason for departure). This court has also held that the fact that the defendant has demonstrated an apparent total lack of insight and responsibility for his violent propensities is insufficient by itself to depart from the guidelines. Williams v. State, 492 So.2d 1171 (Fla. 5th DCA 1986), rev. denied, 501 So.2d 1284 (Fla. 1986).
Here, Jory did not deny that the sexual acts had occurred but maintained his "innocence" because he believed that such acts should not or did not constitute a crime. At the trial, the victim testified that he was sixteen at the time he had sex with Jory. If this were true, Jory would not be guilty of violating section 800.04, which prohibits a lewd assault on a child under the age of sixteen years. The victim further testified that Jory never asked him to be involved in *159 the videotape, that one of his friends asked if he wanted to be on the videotape and that he was simply "playing around." If the jury believed this testimony, then it would not have been able to find Jory guilty of having induced the victim's participation as is required by section 827.071(2) or having produced or promoted the child's sexual performance as is required by section 827.071(3). In essence, Jory was continuing to protest his innocence of the sexual battery crimes, and we have held he has a constitutional right to do so.
With regard to the trial judge's conclusion that Jory is dangerous to society[9] because he preys "upon young boys from broken homes," that conclusion is not supported by this record. There was no proof of any pattern of such conduct with other boys. Although there are suggestions in the record that this may have been the case, the actual evidence presented at trial is not legally sufficient to establish those facts by a preponderance of the evidence as required by section 921.001(5), Florida Statutes (1987).
The evidence at this trial concerned only this one victim and this one video tape. There was no evidence of any other improper activities by Jory with other young boys. The search warrant which produced the videotape in this case also yielded numerous photographs, films and videotapes depicting pornographic conduct by other children. However, the search was conducted at the home of another man and these items were not introduced at Jory's trial. Jory was charged with other offenses which may have involved other juveniles. However, these cases were nol prossed.[10] Jory was previously convicted of drug and firearm offenses, not crimes related to juveniles.

5. Escalating Pattern of Criminal Conduct

Under this reason for departure, the trial court stated:
The defendant was previously convicted of possession of cannabis and possession of a firearm in the commission of a felony. In the instant case, the defendant was convicted of twelve second degree felonies. A pattern of increasingly serious criminal activity has been shown beyond all reasonable doubt. A copy of the defendant's prior criminal record as shown in the pre-sentence investigation report is attached. See Barfield v. State, 17 Fla. L. Weekly S32 [594 So.2d 259] (Fla. January 9, 1992).
The departure sentence imposed in this case would remain the same if any one of the above stated grounds are affirmed on appeal.
A departure sentence may be validly imposed if a defendant has engaged in a pattern of increasingly serious criminal activity. Taylor v. State, 601 So.2d 540 (Fla. 1992); Barfield v. State, 594 So.2d 259 (Fla. 1992). Escalation may be shown in three ways: 1) committing nonviolent crimes followed by violent crimes; 2) increasingly violent crimes; or 3) increasingly serious criminal activity. Increasingly serious criminal activity is established when the crime for which the defendant is being sentenced is more serious in degree or in possible maximum sentence than the prior crime or crimes.
In this case, Jory has a lengthy arrest record. But he was convicted of only two prior offenses: possession of more than twenty grams of cannabis (a second degree felony); and possession of a firearm in the commission of a felony (a third degree felony). Jory committed these two crimes in 1985. The current twelve offenses are all second degree felonies. They stem from one criminal episode, and no violence was involved in any of them. Nor are the 1985 crimes related to the current crimes. Thus, this record fails to establish any pattern of criminal activity, and no escalation is apparent.
Because the five reasons given for the departure sentences in this case are either improper or not established by a preponderance of the evidence in the record, I would vacate the sentences imposed and remand for resentencing within the guidelines.
NOTES
[1] § 800.04(2), Fla. Stat. (1987).
[2] § 827.071(3), Fla. Stat. (1987).
[3] § 827.071(2), Fla. Stat. (1987).
[4] § 775.082(3)(c), Fla. Stat. (1987).
[5] He also contends that the punishment imposed for his crimes is so extremely harsh and grossly disproportionate as to violate Florida's constitutional prohibition against cruel or unusual punishment. Art. I, § 17, Fla. Const. However, Jory failed to lay a sufficient predicate for this argument and thus we will not consider it on appeal. See Kendry v. State, 517 So.2d 78 (Fla. 1st DCA 1987).
[6] The victim testified at trial that he was actually 16 when the tape was made, and that he consented to the sex acts which were filmed. Had he proved to be 16 years old, consent would have been a complete defense to the ten sexual assault counts. See § 800.04(2), Fla. Stat. (1987).
[1] § 800.04(2), Fla. Stat. (1987).
[2] See 800.02, Fla. Stat. (1993); Schmitt v. State, 590 So.2d 404 (Fla. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1572, 118 L.Ed.2d 216 (1992); Florida Board of Bar Examiners Re N.R.S.; 403 So.2d 1315 (Fla. 1981); Mohammed v. State, 561 So.2d 384 (Fla. 1st DCA 1990).
[3] Art. I, § 17, Fla. Const.
[4] However, in view of the nonviolent circumstances of this crime, Jory may have had a valid constitutional argument under both Federal and Florida state case law, had a sufficient predicate been made in this case. See Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); Hale v. State, 630 So.2d 521 (Fla. 1993); State v. Bartlett, 171 Ariz. 302, 830 P.2d 823 (1992). Compare Fryson v. State, 506 So.2d 1117 (Fla. 1st DCA 1987), disapproved on other grounds, 533 So.2d 294 (Fla. 1988); Kendry v. State, 517 So.2d 78 (Fla. 1st DCA 1987); Williams v. State, 441 So.2d 1157 (Fla. 3d DCA 1983). A defendant should create a record in the lower court which demonstrates a gross disparity between the sentence received in comparison to sentences received by other Florida defendants for like crimes, and a similar comparison for defendants in other states. See Kendry; Bartlett. This court cannot take judicial notice of such matters.
[5] Section 827.071(3) provides:

A person is guilty of promoting a sexual performance by a child when, knowing the character and content thereof, he produces, directs, or promotes any performance which includes sexual conduct by a child less than 18 years of age. Whoever violates this subsection is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[6] Section 827.071(2) provides:

A person is guilty of the use of a child in a sexual performance if, knowing the character and content thereof, he employs, authorizes, or induces a child less than 18 years of age to engage in a sexual performance or, being a parent, legal guardian, or custodian of such child, consents to the participation by such child in a sexual performance. Whoever violates this subsection is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[7] See Jones v. State and State v. Rodriquez and Williams v. State, 619 So.2d 418 (Fla. 5th DCA 1993), approved, Jones v. State, and Rodriguez v. State, 640 So.2d 1084 (Fla. 1994). See also Casado v. State, 634 So.2d 830 (Fla. 5th DCA 1994).
[8] § 921.001(5), Fla. Stat. (1987); State v. Nathan, 632 So.2d 127 (Fla. 1st DCA 1994); Finkelstein v. State, 582 So.2d 1260 (Fla. 4th DCA 1991); Williams v. State, 531 So.2d 212 (Fla. 1st DCA 1988).
[9] Whitehead v. State, 498 So.2d 863 (Fla. 1986).
[10] In addition, these cases could not be used for departure because no convictions have been obtained. Fla.R.Crim.P. 3.701(d)(11).