PER CURIAM.
We have for review Jory v. State, 647 So.2d 152 (Fla. 5th DCA 1994), based on conflict of decisions. We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution, and quash the decision below.
Jory was convicted of lewd assault and promotion of a sexual performance by a child less than eighteen years of age. Jory, 647 So.2d at 153. The sentencing range under the sentencing guidelines provided for a maximum sentence of twenty-two years in prison. The trial court imposed a sentence that totaled 150 years in prison to be followed by thirty years of probation, and gave several reasons for departing from the guidelines. Id.
On appeal, the district court found only one of the reasons for departure to be valid and upheld the departure sentence on that basis. Id. The district court found that there was adequate evidence to support the trial court’s finding that the defendant is not amenable to rehabilitation and poses a danger to society. Id.
In seeking review, Jory relies in part on State v. Mischler, 488 So.2d 523 (Fla.1986). However, we find that the cases actually involve different factual circumstances. In Mischler, we held that lack of remorse cannot be inferred from either “the mere exercise of a constitutional right or a continuing assertion of innocence.” 488 So.2d at 526. dory’s statements did not fall within either of these categories. Thus, the cases are distinguishable.
However, we do not agree with the district court that the record contains sufficient evidence to support departure for the reason stated. Thus, Jory’s sentence must be vacated and he must be resenteneed within the guidelines.
Accordingly, we quash the decision below and remand for proceedings consistent with this opinion.
It is so ordered.
GRIMES, C.J. and OVERTON, HARDING and WELLS, JJ., concur.
ANSTEAD, J., concurs specially with an opinion, in which SHAW and KOGAN, JJ., concur.