ANTOON, Judge.
Victor Jory (defendant) and the State both challenge the credit for time served awarded to Jory by the trial court. We vacate the defendant’s sentencing orders and remand this matter for clarification.
This case has a long appellate history. The defendant was convicted of ten counts of lewd and lascivious assault on a child, one count of promoting a sexual performance by a child, and one count of using a child in a sexual performance. On appeal, this court affirmed the defendant’s conviction, but reversed his sentence based upon the then newly issued opinions in Flowers v. State, 586 So.2d 1058 (Fla.1991) and Karchesky v. State, 591 So.2d 930 (Fla.1992). See Jory v. State, 596 So.2d 1126 (Fla. 5th DCA 1992). On remand, the trial court resentenced the defendant to a term of 150 years’ imprisonment. The defendant appealed this departure sentence, and we affirmed. See Jory v. State, 647 So.2d 152 (Fla. 5th DCA 1994). However, the supreme court disagreed and reversed the defendant’s sentence with directions that the defendant be sentenced within the sentencing guidelines. See Jory v. State, 668 So.2d 195 (Fla.1996).
On May 7, 1996, the defendant was resen-teneed to fifteen years’ incarceration for counts I-V, each term to be served concurrently. On counts XI and XII, the defendant was sentenced to concurrent terms of six years’ incarceration to be served consecutive to the sentences imposed in counts I-V. On counts VI-X, he was sentenced to fifteen years’ probation to be served consecutive to his prison terms. The defendant filed a timely notice of appeal on May 21, 1996. Thereafter, the trial court sua sponte entered amended judgments and sentences on July 19, 1996. This court then directed the *822 defendant to file an amended notice of appeal to include the July 19 amended judgments and sentences. The defendant filed an amended notice of appeal seeking review of both the May 7 and the July 19 judgments and sentences.
The filing of a timely notice of appeal vests exclusive jurisdiction with the appellate court. Therefore, in the instant case, the defendant’s May 21 notice of appeal divested the trial court of jurisdiction over this matter. State v. Girard, 694 So.2d 131 (Fla. 5th DCA 1997). See also Wolfson v. State, 437 So.2d 174 (Fla. 2d DCA 1983). Accordingly, the July 19 amended judgments and sentences are void.
With regard to the May 7 judgments and sentences, the state concedes that there is no dispute that the sentences are “internally inconsistent and a clerical error.” Accordingly, in our view, the most expedient manner with which to handle this matter is to vacate the May 7 sentences and remand this ease to the trial court so that the court can correct those issues which the court apparently attempted to correct by issuing its July 19 sentencing order.
Therefore, the July 19 amended judgments and sentences are struck as void for lack of jurisdiction. The May 7 judgments are affirmed, however the sentences are vacated and this matter is remanded to the trial court for reconsideration.
JUDGMENTS AFFIRMED; SENTENCES VACATED; and CAUSE REMANDED.
GRIFFIN, C.J., and W. SHARP, J., concur.